■ In the Matter of RACHEL G. and Others, Alleged to be Abused and Neglected Children. RENSSELAER COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; CLAYTON G., Appellant, et al., Respondent.—Casey, J. Appeal from an order of the Family Court of Rensselaer County (Spain, J.), entered August 9, 1990, which partially granted petitioner's application, in a proceeding pursuant to Family Court Act article 10, to adjudicate respondents' children to be abused and neglected.

Respondent Clayton G. (hereinafter respondent) is the natural father of Rachel G. and Nadine G., and respondent Mary J. is the natural mother of Sherrie K. On April 30, 1990, all three children were removed from respondents' home in response to allegations that respondent had sexually abused them. Respondents filed an application for the children's return to their home on May 1, 1990. The following day, petitioner filed an abuse and neglect petition which prompted a hearing with respect to respondents' request that the children be returned to them. Family Court concluded that the children should remain in petitioner's custody pending further evaluation and a hearing on the allegations contained in petition.

The pediatrician who had examined Rachel and Sherrie testified at the fact-finding hearing. At its conclusion, Family Court found that petitioner had established by a preponderance of the evidence that respondent had sexually abused Rachel and Sherrie *(see,* Family Ct Act § 1012 [e] [iii]). Family Court also found that, although the allegation of sexual abuse relating to Nadine had not been corroborated, the evidence of abuse with respect to Rachel and Sherrie was sufficient to

sustain a finding of abuse by respondent as to Nadine (see, Family Ct Act § 1046 [a] [i]). Mary J. was found to have neglected Sherrie. After a dispositional hearing, Family Court directed that respondents participate in a counseling program. Rachel, Nadine and Sherrie were to remain in petitioner's custody until such time as petitioner and the counseling staff deem it appropriate to return the children to their respective parents. Family Court also issued an order of protection against respondents. Only respondent appeals.

Respondent contends that Nadine cannot be found an abused child within the meaning of Family Court Act § 1012 (e) (iii) unless Family Court found that he had committed a sex offense as defined under the Penal Law against Nadine. We disagree with this contention. Family Court Act § 1046 (a) (i) provides that "proof of the abuse or neglect of one child shall be admissible evidence on the issue of the abuse or neglect of any other child of * * * the respondent" (see, Matter of Ely P., 167 AD2d 473, 475). While a specific statutory violation was required with respect to the primary findings of sexual abuse that Family Court made in regard to Rachel and Sherrie (see, Family Ct Act § 1012 [e] [iii]), no such violation was required with respect to the derivative finding made as to Nadine (see generally, Matter of Charles DD., 163 AD2d 744, 745).

As to the sufficiency of proof, the proof of the abuse or neglect of Rachel and Sherrie was admissible on the issue of the abuse or neglect of Nadine (see, Family Ct Act § 1046 [a] [i]). Standing alone, such evidence does not necessarily establish a prima facie case but may, in appropriate circumstances, be sufficient to sustain a finding of abuse or neglect (Matter of Cruz, 121 AD2d 901, 902-903). Given the proof of respondent's sexual contact with two of the three children residing in his home, it may reasonably be concluded that Nadine was also an abused child (see, Matter of Cruz, supra, at 903; see also, Matter of James P., 137 AD2d 461, 464) and, as such, Family Court's finding in this regard was proper.

Respondent further argues that Family Court's order of disposition failed to comply with the mandate of Family Court Act 1052 (b) (former [i]) and (ii) in that the order did not state, inter alia, whether "continuation in the child's home would be contrary to the best interests of the child". Although the order is technically defective in this regard, the record is clear that Family Court considered the relevant statutory factors and made the appropriate findings which provide an adequate basis for intelligent appellate review. In the absence of any

showing of prejudice, any technical defect may be considered harmless *(see,* CPLR 2001; *cf., Matter of Katrina W.,* 171 AD2d 250, 256-257, *appeal dismissed* 79 NY2d 976).

We have considered the other errors urged by respondent and find them to be harmless. The order appealed from should therefore be affirmed.

Mikoll, J. P., Yesawich Jr., Mercure and Crew III, JJ., concur. Ordered that the order is affirmed, without costs.