■ In the Matter of JESSICA D. WESTCHESTER COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; MICHELLE D., Appellant; JOHN H., Respondent. [617 NYS2d 185] —In a child protective proceeding pursuant to Family Court Act article 10, the appeal is from a dispositional order of the Family Court, Westchester County (Spitz, J.), entered April 22, 1992, which, upon a fact-finding order of the same court, entered March 27, 1992, made after a hearing, finding, inter alia, that the appellant had neglected her child, directed, inter alia, that the appellant be placed under the supervision of the Westchester County Department of Social Services for a period of one year. The appeal from the dispositional order brings up for review the fact-finding order entered March 27, 1992.

Ordered that the order of disposition is affirmed, without costs or disbursements.

The appellant admitted that, notwithstanding the fact that she had obtained an order of protection preventing the father from coming near her or her residence after an alleged incident of sexual misconduct on his part with respect to both her and their child, she allowed him back into her home approximately one month after the incident in question. This was sufficient to support a determination that the child had been "neglected", insofar as the child's mental or emotional condition was in imminent danger of becoming impaired as a result of the failure of the appellant to exercise a minimum degree of care "in providing the child with proper supervision or guardianship" (Family Ct Act § 1012 [f] [i] [B]; see, e.g., Matter of New York City Dept. of Social Servs. [Anna Marie A.] v Elena A., 194 AD2d 608; Matter of Jose Y., 177 AD2d 580).

Although the court erred in failing to include in the dispositional order the grounds for its findings with respect thereto (see, Family Ct Act § 1052 [b] [i]), this technical error was harmless (see, CPLR 2001; see, e.g., Matter of Rachel G., 185 AD2d 382, 383-384), given the extent to which the court set forth its reasons on the record and the lack of prejudice to the appellant by the court's failure to set forth these reasons in the dispositional order.

We have examined the appellant's remaining contentions with respect to the propriety of the fact-finding and disposi-

tional orders and find them to be without merit. Rosenblatt, J. P., O'Brien, Ritter and Florio, JJ., concur.