■ In the Matter of ASHLEY AA., a Child Alleged to be Abused and Neglected. CLINTON COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; DAWN AA., Appellant. [622 NYS2d 999] —Peters, J. Appeal from an order of the Family Court of Clinton County (Lewis, J.), entered November 1, 1993, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 10, to adjudicate respondent's child to be abused and neglected.

Respondent had been previously found to have neglected her daughter Ashley in two prior proceedings before Family Court. The second neglect finding resulted in a February 1992 order which, *inter alia,* continued the child in the custody of her great aunt and uncle and suspended respondent's visitation until the child's psychotherapist recommended resumption. Respondent had further been ordered to obtain mental health and drug/alcohol evaluations, follow the recommendations thereof and complete a parenting class. By petition dated July 29, 1992, respondent was charged with the abuse and neglect of Ashley, then five years of age. The abuse and neglect petition alleged, *inter alia,* that respondent knew or should have known that three of her male friends sexually abused Ashley while respondent left the child in their care. At the fact-finding hearing, petitioner presented seven witnesses who described, in detail, the emotional and physical abuse to

which the child had been subjected, which included expert opinion evidence diagnosing the child with multiple personality and posttraumatic stress disorders. Respondent testified on her own behalf and proffered the testimony of her mother and three character witnesses.

Based upon extensive testimonial and documentary evidence, Family Court found that the child was abused and neglected by respondent. It found that she created situations where sexual abuse took place by providing inadequate or inappropriate caretakers and that she knew or should have known of the abuse. The court further found that aside from sexually abusing Ashley, the caretakers would hit her, lock her in a closet, use drugs in her presence and bathe with her. Family Court also determined that respondent used illegal drugs in the child's presence and that as a result of this conduct, Ashley suffered a significant impairment of her mental and emotional health. At the dispositional hearing, respondent proffered the testimony of her counselor who opined, based upon the results of various diagnostic tests, that visitation should resume between Ashley and respondent. Family Court found that since respondent failed to comply with previous dispositional orders, the order suspending visitation would continue. Respondent appeals.

Respondent does not challenge the determination that Ashley was abused and neglected. Rather, she contends that she was denied due process by the failure of Family Court to specify under which subdivision of Family Court Act § 1012 (e) the abuse was found, with the further failure to specify the particular sex offense perpetrated. Moreover, she contends that she was denied effective assistance of counsel and that the court erred in continuing the suspension of visitation.

As to the failure of Family Court to specify under which subdivision of Family Court Act § 1012 (e) the abuse was found, with the further failure to specify the particular sex offense perpetrated, we note that "in order to save judicial time and avoid multiplicity of litigation, [this Court can] make the finding that the Family Court should have made" (*Matter of Nassau County Dept. of Social Servs. [Erika K.] v Steven K.,* 176 AD2d 326, 329). In doing so, we find that Family Court's determination could only be premised upon a violation of Family Court Act § 1012 (e) (iii) and that the record supports a finding that the three males with whom respondent left the child engaged in anal and vaginal intercourse with Ashley and forced her to perform fellatio. Clearly, such acts constitute rape in the first degree and sodomy in the first degree.

Hence, since respondent failed to show any prejudice as a result of the failure of Family Court to comply with the technical requirements of Family Court Act § 1051 (e), we find such error harmless *(see, Matter of Rachel G.,* 185 AD2d 382).

· Addressing the claim of ineffective assistance, a review of the record reveals that meaningful representation was provided. The errors noted by counsel on appeal are not worthy of specific comment. The record fails to disclose any deficiencies in strategy or performance which would warrant a reversal *(see, Matter of Kazmi v Kazmi,* 201 AD2d 857, 859; *Matter of Karen PP. v Clyde QQ.,* 197 AD2d 753, 754). "So long as the evidence, the law, and the circumstances of a particular case, viewed in totality and as of the time of the representation, reveal that the attorney provided meaningful representation, the constitutional requirement will have been met" *(People v Baldi,* 54 NY2d 137, 147 [citations omitted]).

Finally, as to respondent's contention that Family Court erred when it continued the suspension of visitation, we find that Family Court would have erred had it done otherwise. Respondent failed to comply with each and every provision of Family Court's previous orders of disposition. Her parenting became secondary to her desire to abuse drugs, resulting in repeated abuse of her daughter. At age five, Ashley was diagnosed with both a multiple personality disorder and a posttraumatic stress disorder. Family Court appropriately determined that visitation between this mother and her daughter was not in the child's present best interest.

Mikoll, J. P., Mercure, Crew III and White, JJ., concur. Ordered that the order is affirmed, without costs.