■ In the Matter of STEPHANIE A., a Child Alleged to be Abused. KENNETH A., Appellant; CATTARAUGUS COUNTY

DEPARTMENT OF SOCIAL SERVICES, Respondent. In the Matter of JOSHUA A. and Another, Children Alleged to be Neglected. KENNETH A., Appellant; CATTARAUGUS COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent. [637 NYS2d 904] —Order unanimously affirmed without costs. Memorandum: Family Court did not abuse its discretion in denying the motion for an examination of Stephanie by respondent's expert *(see, Matter of Jessica R.,* 78 NY2d 1031, 1033-1034; *Matter of Commissioner of Social Servs. [Joanne W.] v Edyth W.,* 210 AD2d 328; *Matter of Commissioner of Social Servs. [F. Children] v Clifton F.,* 207 AD2d 836, 837). The court properly permitted the expert witness hired by petitioner to provide testimony corroborating the child's out-of-court statements *(see, Matter of Nicole V.,* 71 NY2d 112, 122) and the expert testimony constituted sufficient corroboration of those statements *(see,* Family Ct Act § 1046 [a] [vi]; *Matter of Department of Social Servs. [Carol Ann D.] v Warren D.,* 195 AD2d 460, 461). The evidence is sufficient to support the court's findings that Stephanie had been sexually abused by respondent *(see,* Family Ct Act § 1046 [b]; *Matter of Nicole V., supra,* at 117) and that Joshua and Dylan are neglected children *(see, Matter of Timothy O.,* 178 AD2d 1022, *lv denied* 79 NY2d 756; *Matter of Lynelle W.,* 177 AD2d 1008).

The court failed, at the initial appearance, to advise respondent of the allegations in the petition, as required by Family Court Act § 1033-b (1) (b). At that appearance, however, the court adjourned the matter and appointed counsel for respondent. At the next court appearance, counsel stated on the record that he had reviewed the petition with respondent *(see,* Family Ct Act § 1033-b [1] [b], [c]; § 262 [a] [i]). Reversal is not warranted because it is clear that respondent suffered no prejudice as the result of the court's failure to comply with section 1033-b (1) (b).

Nor is reversal required because of the failure of the court to identify the paragraph of Family Court Act § 1012 (e) it found to have been established, or to make a further finding of the specific sex offense committed by respondent as required by Family Court Act § 1051 (e) *(see, Matter of Nichole L.,* 213 AD2d 750, 752, *lv denied* 86 NY2d 701; *Matter of Ashley AA.,* 212 AD2d 937, 938). Based upon the record before us, this Court may make the finding that Family Court should have made *(Matter of Nichole L., supra,* at 752; *Matter of Ashley AA., supra,* at 938). We find that the record establishes that Stephanie is an abused child as defined in Family Court Act § 1012 (e) (iii) and that the sex offense committed against her was sexual abuse in the first degree as defined in Penal Law

§ 130.65 (3). (Appeal from Order of Cattaraugus County Family Court, Nenno, J.—Child Abuse and Neglect.) Present—Green, J. P., Fallon, Wesley, Davis and Boehm, JJ.