■ In the Matter of SUSAN B. and Others, Children Alleged to be Neglected. COMMISSIONER OF SOCIAL SERVICES, Respondent; LANA M., Appellant. [694 NYS2d 454] —In a child protective proceeding pursuant to Family Court Act article 10, the mother appeals from an order of disposition of the Family Court, Queens County (Berman, J.), dated January 21, 1997, which, upon a fact-finding order of the same court, dated September 11, 1996, made after a hearing, finding that she had neglected her children, placed them in the custody of the Commissioner of Social Services for a period of 12 months. The appeal brings up for review the fact-finding order.

Ordered that the appeal from so much of the order of disposition as placed the children in the custody of the Commissioner of Social Services is dismissed as academic, without costs or disbursements; and it is further,

Ordered that the order of disposition is affirmed insofar as reviewed, without costs or disbursements.

The mother's appeal from so much of the order of disposition as placed the children in the custody of the Commissioner of Social Services for a period of 12 months must be dismissed as academic because that order has expired by its own terms and has been replaced by subsequent orders extending placement, from which no appeals have been taken (*see, Matter of Arthur C.,* 260 AD2d 478; *Matter of Commissioner of Social Servs. [Jessica M.] v Anne F.,* 225 AD2d 620; *Matter of Nicholas P.,* 197 AD2d 693). Nevertheless, the adjudication of neglect has not been rendered academic (*see, Matter of Eddie E.,* 219 AD2d 719; *Matter of H. Children,* 156 AD2d 520).

Even assuming, as contended by the mother, that her children had not been left alone overnight but rather, had been left in the care and supervision of her husband, the subject children's stepfather, the court did not err in finding that the mother's actions constituted neglect (*see,* Family Ct Act § 1012 [f] [i] [B]; *Matter of Jessica D.,* 208 AD2d 626), as there was an

order of protection pending against him which prohibited the husband from having contact with her and the children inside the home.

There is no merit to the mother's contention that she was denied a fair hearing due to the court's failure to recuse itself from presiding over these neglect proceedings and making the fact-finding determination. Under the circumstances presented at bar, the court's recusal was not warranted as a matter of law (*see,* Judiciary Law § 14; *People v Moreno,* 70 NY2d 403, 405-406) and there is no evidence here of bias or prejudice. Therefore, it was not an improvident exercise of discretion for the court to deny the mother's application for recusal (*see, Matter of Muller v Muller,* 221 AD2d 635, 637; *Matter of Zirkind v Zirkind,* 218 AD2d 745, 746). Ritter, J. P., Joy, H. Miller and Smith, JJ., concur.