■ In the Matter of R. and Others, Children Alleged to be Abused and Neglected. ADMINISTRATION FOR CHILDREN'S SERVICES et al., Respondents; ANNETTE R., Appellant. [713 NYS2d 474] —In a child protective proceeding pursuant to Family Court Act article 10, the mother appeals, as limited by her brief, from stated portions of (1) a fact-finding order of the Family Court, Kings County (Hepner, J.), dated June 11, 1997, which, after a hearing, inter alia, found that she had abused the subject children, and (2) an order of disposition of the same court, dated July 22, 1998, which, among other things, upon the fact-finding

order dated June 11, 1997, placed one of the children, LaToya, in the custody of her father, and placed the remaining subject children in the custody of the Administration for Children's Services for a period of 12 months.

Ordered that the appeal from the fact-finding order is dismissed, without costs or disbursements, as that order was superseded by the order of disposition dated July 22, 1998; and it is further,

Ordered that the appeal from so much of the order of disposition as placed the children other than LaToya in the custody of the Administration for Children's Services is dismissed, without costs or disbursements; and it is further,

Ordered that the order of disposition is affirmed insofar as reviewed, without costs or disbursements.

The appeal from so much of the order of disposition as placed the children other than LaToya in the custody of the Administration for Children's Services for 12 months is dismissed as academic. That order expired by its own terms and has been replaced by subsequent orders extending placement (*see, Matter of Susan B.*, 264 AD2d 478; *Matter of Arthur C.*, 260 AD2d 478; *Matter of Commissioner of Social Servs. [Jessica M.] v Anne F.*, 225 AD2d 620; *Matter of Nicholas P.*, 197 AD2d 693). However, the adjudication of abuse and the placement of La-Toya in her father's custody have not been rendered academic (*see, Matter of Eddie E.*, 219 AD2d 719).

The petitioner proved by a preponderance of the evidence that the mother's actions, or lack thereof, constituted abuse (*see*, Family Ct Act § 1012 [e] [ii]; *Matter of Marcos C.*, 186 AD2d 446). The evidence established that the mother allowed physical injury to be inflicted upon the children and that she took no steps to protect them from such abuse. Ritter, J. P., Sullivan, Krausman and Goldstein, JJ., concur.