In the Matter of JORDAN ZZ., a Child Alleged to be Permanently Neglected. ULSTER COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; KENNETH ZZ., Appellant. (And Two Other Related Proceedings.) [740 NYS2d 480] —Mugglin, J. Appeals (1) from an order of the Family Court of Ulster County (Work, J.), entered February 20, 2001, which granted petitioner's application, in a proceeding pursuant to Social Services Law § 384-b, to adjudicate respondent's child to be permanently neglected, and terminated respondent's parental rights, and (2) from two orders of said court, entered February 20, 2001, which granted petitioner's applications, in two proceedings pursuant to Social Services Law § 392, to approve the foster care status of respondent's children.

Respondent is the father of Corey, born in 1997, and Jordan,

---

born in 1998. Both children were placed with the same foster parents shortly after their respective births.* Family Court determined that Corey was permanently neglected, but suspended judgment by an order of disposition dated January 26, 2000. On September 6, 2000, Family Court revoked this order, finding that respondent had failed to comply with the conditions thereof which required him to undergo a neuropsychological examination, enroll in an anger management program, continue substance abuse treatment, refrain from using such substances and assure an adequate supply of heat to his home.

In February 2000, petitioner filed a petition alleging that Jordan was a permanently neglected child because respondent failed to complete a court-ordered drug treatment program, failed to refrain from the use of illegal substances and failed to complete court-ordered parent training. Following a fact-finding hearing, Family Court adjudged Jordan to be permanently neglected and, at the dispositional hearing, terminated respondent's parental rights. On February 20, 2001, Family Court issued orders approving and continuing the foster care status of both children, the permanency plan for both children and, based on the dispositional hearing held on November 14, 2000, adjudicated Jordan to be a permanently neglected child, transferring guardianship and custody to petitioner. Respondent appeals from each of Family Court's orders issued on February 20, 2001.

We affirm. Initially, we note that respondent failed to appeal either the order adjudging Corey to be a permanently neglected child or the dispositional order which terminated his parental rights because of his failure to satisfy the conditions of the suspended judgment (see, Family Ct Act § 1113).. Therefore, we lack jurisdiction to review the foregoing determinations (see, Matter of Yamoussa M., 220 AD2d 138, 142). Thus, the only order involving Corey properly before us is Family Court's order approving and continuing his foster care status and the permanency plan prepared by petitioner. Respondent, in his brief, fails to address any claim of error with respect thereto and has thus abandoned any challenge to this order (see, First Natl. Bank of Amenia v Mountain Food Enters., 159 AD2d 900, 901).

We next turn to the issues presented by respondent concerning the adjudication of Jordan as a permanently neglected child, the termination of respondent's parental rights, the transfer of guardianship to petitioner and the freeing of Jordan

---

* The mother surrendered both children to petitioner for adoption conditioned upon a determination of respondent's parental rights.

for adoption. The evidence establishes that although Jordan has been in foster care since he was two days old, petitioner facilitated and supervised respondent's regular visitation with the child. Additionally, petitioner referred respondent for substance abuse treatment, mental health treatment, anger management counseling, parenting training (including the provision for a parent aide) and assistance in maintaining a safe and sanitary home environment. This evidence satisfies petitioner's initial obligation to make diligent efforts to strengthen the parent-child relationship in an effort to reunite parent and child (*see, Matter of Star Leslie W.*, 63 NY2d 136, 142-143; *Matter of Shiann RR.*, 285 AD2d 762, 762-763; *Matter of Cassandra JJ.*, 284 AD2d 619, 620-621; *Matter of Marybeth C.*, 277 AD2d 743, 744). The parent, on the other hand, is required to cooperate with petitioner and take affirmative steps to eliminate the obstacles preventing the return of the child (*see, Matter of Matthew YY.*, 274 AD2d 685, 686).

This record establishes that respondent failed to successfully complete the substance abuse program, continued the regular use of marihuana, refused to undergo neuropsychological evaluation, failed to enroll in and complete an anger management program and, in general, failed to take affirmative steps to overcome the impediments to the return of the child. Moreover, since respondent chose not to testify, the evidence submitted by petitioner is uncontroverted and establishes clearly that it met its initial statutory obligation and proves, by clear and convincing evidence, that respondent failed for more than a one-year period to plan for the future of the child, although possessed with the physical and financial means to do so (*see*, Social Services Law § 384-b [7] [a]; *Matter of Joseph ZZ.*, 245 AD2d 881, 883, *lv denied* 91 NY2d 810; *see also, Matter of Amoretta V.*, 227 AD2d 879, *lv dismissed* 89 NY2d 935).

Lastly, we reject respondent's contention that the evidence failed to establish that the best interest of the child required termination of respondent's parental rights. Rather than cooperating with petitioner to remove the barriers to the establishment of a parent-child relationship, respondent has consistently thwarted its efforts. Jordan has been continuously in the care and custody of his foster parents since he was two days old and they are desirous of adopting him and relocating to Arizona. The evidence establishes this to be in Jordan's best interest.

Mercure, J.P., Crew III, Rose and Lahtinen, JJ., concur. Ordered that the orders are affirmed, without costs.