■ In the Matter of STEPHANI FF., a Child Alleged to be Neglected. CHEMUNG COUNTY DEPARTMENT OF SOCIAL SERVICES,

Respondent; TAMMY FF. et al., Appellants. [744 NYS2d 722] —Crew III, J. Appeal from an order of the Family Court of Chemung County (Frawley, J.), entered May 22, 2000, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 10, to adjudicate respondents' child to be neglected.

Respondent Tammy FF. (hereinafter the mother) and respondent Steven FF. (hereinafter the father) are the biological parents of two children, Deven FF. and Stephani FF. The father also is a stepparent to the mother's two other children, Jon E. and Airik E. On September 27, 1999, respondents consented to a finding of neglect with respect to Deven, Jon and Airik based upon allegations of inadequate guardianship and physical abuse, the latter of which was attributed to the father. Shortly thereafter, Stephani was born and petitioner commenced the instant proceeding seeking a derivative finding of neglect.

The matter proceeded to a hearing, at the conclusion of which Family Court found that petitioner had established by a preponderance of the evidence that Stephani was a neglected child. Respondents waived a full dispositional hearing and consented that temporary custody of Stephani be granted to her paternal great-aunt. Additionally, Family Court issued an order of protection prohibiting the father from having contact with any of the children. This appeal ensued.

We affirm. The various arguments raised by respondents do not warrant extended discussion. Initially, we reject respondents' mutual assertion that the alleged deficiencies in Family Court's fact-finding and dispositional orders mandate a reversal. While we agree that greater vigilance on the part of Family Court to the statutory requirements set forth in Family Court Act §§ 1051 and 1052 is warranted, the case law makes clear that any technical deficiencies in such orders may be deemed harmless in the absence of demonstrated prejudice to respondents (*see, Matter of Rachel G.*, 185 AD2d 382, 383-384; *see also, Matter of Ashley AA.*, 212 AD2d 937, 938-939; *Matter of Jessica D.*, 208 AD2d 626, *lv denied* 85 NY2d 809). As the record plainly reveals the basis for Family Court's finding of neglect and amply supports a finding that permitting Stephani to remain in respondents' home would not be in her best interest, we are unable to discern any prejudice flowing to respondents as a result of the technical defects in the underlying orders.

With regard to the father's claim that Family Court lacked jurisdiction to issue the May 17, 2000 order of protection in

favor of the three older children, we need note only that this order expired by its own terms on May 17, 2001, and the amended temporary order of protection apparently entered subsequent thereto expired by its own terms on August 17, 2001. There being no indication that any subsequent extension of that order was sought or granted, this portion of the father's appeal is moot (*see, Matter of Betancourt v Boughton*, 204 AD2d 804, 810).

We reach a similar conclusion as to the father's assertion that Family Court erred in failing to provide him with visitation in the underlying dispositional order. Petitioner has provided this Court with a copy of an order entered June 12, 2001 wherein respondents consented that legal and physical custody of Stephani be granted to the paternal great-aunt and, further, that the father would have no face-to-face contact with any of his children until such time as he satisfied various terms and conditions. As this order plainly supersedes Family Court's dispositional order with regard to any visitation claim, this aspect of the father's appeal also is moot. We have examined respondents' remaining contentions, including the father's assertion that the record as a whole fails to support the finding of neglect and that Family Court erred in consolidating this matter with the prior proceeding involving the three older children, and find them to be lacking in merit.

Mercure, J.P., Spain, Mugglin and Rose, JJ., concur. Ordered that the order is affirmed, without costs.