■ In the Matter of FRANCIS S., a Child Alleged to be Neglected. COMMISSIONER OF THE ADMINISTRATION FOR CHILDREN'S SERVICES OF THE CITY OF NEW YORK, Respondent; KAREN S., Also Known as KAREN V., Appellant. (Proceeding No. 1.) In the Matter of GIANNA S., a Child Alleged to be Neglected. COMMISSIONER OF THE ADMINISTRATION FOR CHILDREN'S SERVICES OF THE CITY OF NEW YORK, Respondent; KAREN S., Also Known as KAREN V., Appellant. (Proceeding No. 2.) In the Matter of TAYLOR S., a Child Alleged to be Neglected. COMMISSIONER OF THE ADMINISTRATION FOR CHILDREN'S SERVICES OF THE CITY OF NEW YORK, Respondent; KAREN S., Also Known as KAREN V., Appellant. (Proceeding No. 3.) [745 NYS2d 486] —In three related child protective proceedings pursuant to Family Court Act article 10, the mother appeals from (1) a fact-finding order of the Family Court, Richmond County (Porzio, J.), dated October 27, 2000, which, after a hearing, determined that she neglected the subject children, and (2) an order of disposition of the same court, dated December 5, 2000, which, after a hearing, placed the children in her custody under the petitioner's supervision for a period of 12 months.

Ordered that the appeal from the fact-finding order is dismissed, without costs or disbursements, as that order was superseded by the order of disposition; and it is further,

Ordered that the appeal from so much of the order of disposition as placed the children in the mother's custody under the petitioner's supervision for a period of 12 months is dismissed as academic, without costs or disbursements, as that portion of the order has expired by its own terms; and it is further,

Ordered that the order of disposition is affirmed insofar as reviewed, without costs or disbursements.

The mother's appeal from so much of the order of disposition as placed the children in her custody under the petitioner's supervision for a period of 12 months must be dismissed as academic because that portion of the order has expired by its own terms (*see Matter of Danielle S.,* 282 AD2d 680; *Matter of Susan B.,* 264 AD2d 478). Nevertheless, the adjudication of neglect has not been rendered academic (*see Matter of Eddie E.,* 219 AD2d 719; *Matter of H. Children,* 156 AD2d 520).

Where, as here, issues of credibility are presented, the Family Court's findings must be accorded great deference (*see Matter of Jeremiah M.*, 290 AD2d 450; *Matter of Alan B.*, 267 AD2d 306, 307). The determination of the Family Court that the presentment agency established that the mother neglected the children in that she exposed them to acts of domestic violence is supported by a preponderance of the evidence (*see Matter of Jeremiah M., supra*).

The mother's remaining contention is without merit. O'Brien, J.P., Krausman, Schmidt and Cozier, JJ., concur.