■ In the Matter of SHANE I., a Child Alleged to be Permanently Neglected. CORTLAND COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; SHANE J., Appellant. [751 NYS2d 127] —Rose, J. Appeal from an order of the Family Court of Cortland County (Ames, J.), entered February 25, 2002, which granted petitioner's application, in a proceeding pursuant to Social Services Law § 384-b, to adjudicate respondent's child to be permanently neglected, and terminated respondent's parental rights.

Respondent is the father of Shane I., born in February 1999. In May 1999, the child was removed from his mother's custody and placed in petitioner's custody, with respondent's consent, pursuant to Family Ct Act § 1024. Petitioner also filed a child neglect petition alleging that respondent had shaken the child, used marihuana in his presence and maintained an unsuitable home. Following the child's removal, respondent had encounters with the child's mother that led to his arrest for burglary, criminal trespass, criminal contempt and violation of an order of protection. In October 1999, Family Court issued an order adjudging the child to be neglected and directing respondent to avail himself of various services to treat his abuse of marihuana and alcohol, develop his parenting skills and overcome his illiteracy. Beginning in February 2000, respondent was held in jail on pending criminal charges. Respondent's conduct with the child's mother was thereafter found to be a violation of his probation on a 1996 burglary conviction and he was sentenced to a prison term of 2 to 6 years.

In November 2000, petitioner filed a permanent neglect petition alleging that respondent had not complied with the 1999 neglect order and failed to maintain contact with the child or to plan for his future for a period of more than one year. Following a fact-finding hearing, at which respondent neither testified nor called witnesses, Family Court found the child to be permanently neglected. After a dispositional hearing, Family Court terminated respondent's parental rights, and this appeal ensued.

Initially, we reject respondent's contentions that petitioner failed to meet its statutory obligation to make diligent efforts to encourage and strengthen the parental relationship between

him and his son during his incarceration (*see* Social Services Law § 384-b [7] [a], [f]), and that petitioner did not consider the effect of respondent's illiteracy and learning disabilities on his capacity to participate in the programs recommended by petitioner. As shown through evidence presented at the fact-finding hearing, petitioner made efforts to strengthen respondent's relationship with the child by, inter alia, providing a parenting aide and requiring respondent to (1) have weekly supervised visitation with the child, (2) participate in substance abuse evaluations and long-term counseling, (3) complete a program of parenting education, (4) attend literacy training and (5) meet with petitioner regularly to plan for the care of the child. The evidence also established that, despite diagnoses of alcohol abuse and marihuana dependence, respondent frustrated petitioner's plans by denying his alcohol abuse, failing to complete substance abuse counseling and continuing to use marihuana until his incarceration. During his incarceration, petitioner continued to arrange and conduct visitation between respondent and the child as well as instructing respondent to participate in the substance abuse and education programs that were available in prison. As the evidence indicates that respondent's failure to fully participate in these and other programs planned by petitioner was the result of his lack of motivation rather than of any deficiency in the plans, Family Court's finding that petitioner made reasonable efforts to return the child to his custody is amply supported by the record (*see Matter of Star Leslie W.*, 63 NY2d 136, 142-143; *Matter of Shiann RR.*, 285 AD2d 762, 762-763).

The record also supports Family Court's determination that respondent failed to adequately plan for his child's future during the year following the child's removal to petitioner's custody. Social Services Law § 384-b requires the parent to plan for the child's future by taking the steps necessary to provide an adequate and stable home within a reasonable period of time (*see Matter of Star Leslie W., supra* at 143), and the parent's incarceration does not render him unable to plan for his child's future (*see Matter of Delores B.*, 141 AD2d 100, 106, *affd* 74 NY2d 77). During the nine months between the child's initial placement with petitioner and respondent's incarceration, respondent continued to use marihuana, failed to complete substance abuse counseling, broke into the home of the child's mother and sexually assaulted her, resulting in his eventual incarceration, denied any deficiencies in his parenting ability and disparaged all offered rehabilitative programs. Although, through petitioner's efforts, respondent also visited regularly with the child, he often refused to get out of bed to

begin visitation on time, behaved inappropriately with the child and denied that his parenting ability was impaired by anything other than his illiteracy. Once incarcerated and parenting classes were no longer available, respondent did not participate in programs that would have helped address his problems with substance abuse and illiteracy. At the dispositional hearing, respondent admitted that he did not participate in those programs. This proof of respondent's failure to utilize the programs and services required by court order and suggested by petitioner both before and after his incarceration was uncontroverted at the fact-finding hearing and clearly establishes that respondent failed to plan for the future of the child although possessed with the means to do so (*see Matter of Jordan ZZ.*, 293 AD2d 785, 787; *Matter of Joseph ZZ.*, 245 AD2d 881, 883, *lv denied* 91 NY2d 810).

Lastly, we reject respondent's contention that the evidence failed to establish that the best interests of his child required termination of his parental rights. For all but a few weeks since his birth, the child has been continuously in the care and custody of his foster parents, who have met the child's special needs. Respondent has taken no meaningful steps to prepare to be reunited with the child. At the time of the dispositional hearing, respondent remained incarcerated, and his purported plan to terminate his addiction to marihuana and reunite with the child's mother at some time in the future was plainly unrealistic in light of his past behavior. In the absence of any evidence that respondent is either motivated or able to meet the child's needs in the future, Family Court properly determined that the termination of respondent's parental rights was in the best interests of the child (*see Matter of Rita XX.*, 279 AD2d 901; *Matter of Lisa Z.*, 278 AD2d 674).

Cardona, P.J., Crew III, Carpinello and Lahtinen, JJ., concur. Ordered that the order is affirmed, without costs.