In the Matter of MICHAEL G., an Infant. ERIE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; JENNIFER K., Appellant, et al., Respondent. (Appeal No. 1.) [752 NYS2d 772] —Appeal from an order of Family Court, Erie County (Rosa, J.), entered December 24, 2001, which adjudicated respondents' son a neglected child and placed him in the custody of petitioner for 12 months.

It is hereby ordered that said appeal from the order insofar as it concerns placement be and the same hereby is unanimously dismissed and the order is affirmed without costs.

Memorandum: In this proceeding brought pursuant to Family Ct Act article 10, respondent Jennifer K. (mother) appeals from two orders of Family Court, the first adjudicating her infant son a neglected child and placing him in the custody of petitioner for 12 months, and the second an order of protection ordering both the mother and respondent father (father) to stay away from the child except for supervised visitation and to refrain from offensive conduct toward the child and each other. We reject the contention of the mother that the record contains insufficient proof that she placed the child at imminent risk of harm. The exposure of the child to domestic violence between the parents may form the basis for a finding of neglect (*see Matter of Francis S.*, 296 AD2d 507; *Matter of Larenzo SS.*, 289 AD2d 880, 882; *Matter of Kathleen GG. v Kenneth II.*, 254 AD2d 538, 540). Here, following the prior incidents of domestic violence, the mother failed to follow through in obtaining a permanent order of protection and did not seek refuge for herself or the child, but rather continued to see the father and arrange for the child to spend time with him. Following the most recent incidents of violence, the mother again failed to seek the aid of authorities. The day after those incidents, she met with the father for lunch in the company of the child. When interviewed the following day, the mother declined the caseworker's offer to call the police. Even after the filing of this petition, the mother continued to believe that neither she nor the child was in need of protection from the child's abusive father, thereby demonstrating a lack of understanding concerning the impact or potential impact of

domestic violence on the child. We thus conclude that the evidence is sufficient to establish that the child was neglected by the mother (*see Francis S.,* 296 AD2d at 508; *Matter of James MM. v June OO.,* 294 AD2d 630, 631-632; *Matter of Carlos M.,* 293 AD2d 617, 619; *Matter of Athena M.,* 253 AD2d 669; *Matter of Lonell J., Jr.,* 242 AD2d 58, 61-63; *see also Kathleen GG.,* 254 AD2d at 540).

The court did not err in receiving a certain document in evidence as a "report filed with the statewide central register of child abuse and maltreatment by a person or official required to do so pursuant to" law (Family Ct Act § 1046 [a] [v]; *see generally Matter of Brandon OO.,* 289 AD2d 721; *Matter of Shawn P.,* 266 AD2d 907, 908, *lv denied* 94 NY2d 760). In any event, we would conclude that any error in admitting the document is harmless. It does not appear from the record that the court relied on the document, and the other evidence adduced at the hearing supports the court's determination (*see Matter of Sherri M.K.,* 292 AD2d 868, 869; *Matter of Barone v Milks,* 289 AD2d 931, 932; *Matter of Liza C. v Noel C.,* 207 AD2d 974).

Finally, we conclude that the challenge to the disposition and the appeal from the order of protection are moot, inasmuch as that part of the order placing the child in the custody of petitioner and the order of protection have by their terms expired (*see Matter of Stephani FF.,* 296 AD2d 606; *Matter of Joshua A.,* 294 AD2d 950; *Matter of Alexzander B.,* 287 AD2d 820, 821). Present—Pigott, Jr., P.J., Pine, Wisner, Kehoe and Burns, JJ.