■ In the Matter of SENATOR NN., a Child Alleged to be Neglected. SARATOGA COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; DONNA NN., Appellant. (And Four Other Related Proceedings.) [759 NYS2d 257] —Spain, J. Appeals (1) from an order of the Family Court of Saratoga County (Hall, J.), entered December 19, 2001, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 10, for a temporary order of protection, and (2) from an order of the Family Court of Warren County (Breen, J.), entered February 15, 2002, which declined to accept the transfer of five proceedings from the Family Court of Saratoga County.

In response to a hotline report involving respondent's son (born in 1999) and allegations of inadequate guardianship and malnutrition, petitioner commenced an investigation. On December 10, 2001, police took respondent into custody pursuant to the Mental Hygiene Law and she was admitted to the mental health unit at a local hospital. Respondent's sister thereafter filed a petition for custody of the child. At a hearing held December 19, 2001 pursuant to Family Ct Act § 1022 and at petitioner's request, Saratoga County Family Court (Hall, J.) issued a temporary order of protection which placed temporary custody of the child with respondent's sister and her husband until January 7, 2002 (*see* Family Ct Act § 1029). Respondent appeals from this order.

Thereafter, petitioner filed a neglect petition, and respon-

dent filed three pro se petitions seeking the return of the child to her custody. Further proceedings were held and, on January 7, 2002, Family Court continued the order of protection apparently only until the adjourn date of January 18, 2002 and amended it to give respondent supervised visitation. Then, by order entered January 25, 2002, Family Court ordered that all of the related proceedings involving respondent and her child be transferred to Warren County Family Court (*see* Family Ct Act § 174), but did not continue the order of protection which had since expired. Warren County Family Court (Breen, J.) then issued the February 15, 2002 order declining to accept the transferred proceedings based upon Warren County's insufficient nexus to them. Respondent also appeals from this order.

A subsequent order entered in Saratoga County Family Court (Abramson, J.) on October 25, 2002 reflects that respondent had appeared with counsel and consented to a finding of neglect and was placed under the supervision of the Clinton County Department of Social Services for one year, subject to terms and conditions relating to the child. Also on consent, the child was placed in the joint custody of respondent and her parents by a separate order entered in Saratoga County Family Court which also dismissed the sister's custody petition.

Respondent's appeal from the December 19, 2001 temporary order of protection is now moot as that order has expired and all of the proceedings in which that order was made and continued having been brought to finality, in final orders to which respondent consented (*see Matter of Stephani FF.*, 296 AD2d 606, 607-608 [2002]; *Matter of Fisk v Fisk*, 274 AD2d 691, 693 [2000]; *Matter of Betancourt v Boughton*, 204 AD2d 804, 810 [1994]). We reject respondent's contention that the order is reviewable in that it casts a "permanent pall" on her reputation (*see Williams v Cornelius*, 76 NY2d 542, 546 [1990]; *Matter of Reed v Reed*, 240 AD2d 951, 952 [1997]), as such a temporary order of protection "is not a finding of wrongdoing" (Family Ct Act § 1029 [b]), and no exception to the mootness doctrine applies (*see Matter of Hearst Corp. v Clyne*, 50 NY2d 707, 714-715 [1980]; *see also Matter of Daily News v Teresi*, 275 AD2d 812, 814 [2000]). Further, inasmuch as respondent has failed to address in her brief any portion of the February 15, 2002 order declining to accept the transfer, the appeal from that order has been abandoned (*see People v Chase*, 299 AD2d 597, 598 n [2002], *lv denied* 99 NY2d 613 [2003]; *Fraser v Fraser*, 295 AD2d 864, 865 n [2002]; *Matter of Jordan ZZ.*, 293 AD2d 785, 786 [2002]).

Mercure, J.P., Carpinello, Rose and Kane, JJ., concur.

Ordered that the appeal from the order entered December 19, 2001 is dismissed, as moot, without costs. Ordered that the order entered February 15, 2002 is affirmed, without costs.