■ In the Matter of JASMINE N., a Child Alleged to be Neglected. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; GLENN N., Appellant. TAMI B., Nonparty Respondent. [789 NYS2d 718]—In a child protective proceeding pursuant to Family Court Act article 10, the father appeals from (1) an order of disposition of the Family Court, Queens County (Bogacz, J.), dated July 23, 2003, which, upon a fact-finding order of the same court dated May 21, 2002, finding that he had neglected the subject child, released the child to the maternal aunt, and (2) an order of protection of the same court also dated July 23, 2003, which prohibited him from having any contact with the child until she reaches the age of 18 except for one letter which may be turned over to the child at the discretion of the law guardian and the maternal aunt

Ordered that the orders are affirmed, without costs or disbursements.

Family Court Act § 1052 (a) (ii) provides that at the conclusion of a dispositional hearing the court shall enter an order of disposition "releasing the child to the custody of his parents or other person legally responsible." Contrary to the father's contention, the Family Court did not err in releasing the child to her maternal aunt who was an "other person legally responsible" under Family Court Act § 1054 (*see* Family Ct Act § 1012 [g]; *Matter of Yolanda D.,* 88 NY2d 790 [1996]).

Although the court erred in failing to include in the dispositional order the grounds for its findings with respect thereto (*see* Family Ct Act § 1052 [b] [i]), this technical error was harmless, given the extent to which the court set forth its reasons on the record and the lack of prejudice to the father by the court's failure to set forth these reasons in the dispositional order (*see* CPLR 2001; *Matter of Jessica D.,* 208 AD2d 626 [1994]; *Matter of Rachel G.,* 185 AD2d 382 [1992]).

The father's remaining contentions either are unpreserved for appellate review or without merit. Florio, J.P., Adams, S. Miller and Santucci, JJ., concur.