■ In the Matter of DUSTIN C., a Child Alleged to be Neglected. CLINTON COUNTY DEPARTMENT OF SOCIAL SERVICES, Appellant; PATRICIA D., Respondent. [796 NYS2d 460]—

Peters, J. Appeal from an order of the Family Court of Clinton County (Lawliss, J.), entered April 16, 2004, which, inter alia, granted petitioner's application, in a proceeding pursuant to Family Ct Act article 10, to extend the placement of Dustin C.

Respondent's child, Dustin C. (born in 2003), sustained an unexplained spiral fracture to his left femur. He was immediately placed in petitioner's custody, over respondent's objection, and an abuse and neglect petition was filed. Family Court, based upon respondent's admissions, adjudicated the child to be neglected and placed him in foster care for six months. In February 2004, this proceeding was commenced seeking, among other things, an extension of placement for up to 12 months. Family Court approved petitioner's permanency plan goal and agreed that it was in the best interests of the child to have his placement extended until November 2004, but concluded that petitioner had not made reasonable efforts to make it possible for the child to return home safely. Petitioner appeals, seeking a reversal only with respect to Family Court's finding regarding its lack of reasonable efforts.

Family Ct Act § 1055 (b) (iv) (B) (4) provides, as here relevant, that "in determining whether an extension of placement is consistent with the best interests of the child, the court shall consider and determine . . . that reasonable efforts were made to make it possible for the child to safely return to his or her home." After reviewing the documentary evidence and the testimony from petitioner's foster care caseworker, Family Court concluded that, while petitioner provided numerous services to respondent, the services were insufficient to address the primary reason why this child could not be safely returned to his home—respondent's anger management issues. The testimony reflected that these issues were apparent from respondent's initial encounters with both petitioner and the court in August 2003;* by mid-December 2003, the caseworker determined that they needed to be formally addressed. Nonetheless, it took two additional outbursts by respondent before she was referred to an anger management program. Testimony revealed that from the time of the January 2004 referral to the April 2004 permanency hearing, no services were provided; the caseworker "hop[ed]" for them to start "in May." Further testimony confirmed that the child could not be returned home without these services.

---

* Respondent made a generalized death threat to petitioner's caseworker when the child was first removed in August 2003.

Family Court concluded that petitioner's mere referral to a county program, without more, was insufficient and that petitioner should have made reasonable efforts to follow up on such referral or locate alternative services (*compare Matter of Shane I.*, 300 AD2d 709, 710 [2002]). Its findings are amply supported by the record (*see Matter of Thomas JJ.*, 14 AD3d 953, 955 [2005]).

Spain, Mugglin, Rose and Kane, JJ., concur. Ordered that the order is affirmed, without costs.