■ In the Matter of MATTHEW M. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; ANDREW M., Respondent; THERESA M., Appellant. (Proceeding No. 1.) In the Matter of JULIANE M. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; ANDREW M., Respondent; THERESA M., Appellant. (Proceeding No. 2.) [847 NYS2d 865]—In two related child protective proceedings pursuant to Family Court Act article 10, the mother appeals from an order of disposition of the Family Court, Queens County (Bogacz, J.), dated December 12, 2006, which, after a hearing, released the subject children to the father without supervision.

Ordered that the order of disposition is affirmed, without costs or disbursements.

Family Court Act § 1052 (a) (ii) provides that at the conclu-

sion of a dispositional hearing the court shall enter an order of disposition "releasing the child to the custody of his parents or other person legally responsible." Contrary to the mother's contention, the Family Court did not err in releasing the children to their father without supervision (*see Matter of Jasmine N.*, 15 AD3d 491 [2005]).

Although the court erred in failing to include in the dispositional order the grounds for its disposition (*see* Family Ct Act § 1052 [b] [I]), "this technical error was harmless" (*Matter of Jasmine N.*, 15 AD3d 491, 491 [2005]), given the extent to which the court set forth its reasons on the record and the lack of prejudice to the mother by the court's failure to set forth these reasons in the dispositional order (*see* CPLR 2001; *Matter of Jasmine N.*, 15 AD3d 491 [2005]; *Matter of Jessica D.*, 208 AD2d 626 [1994]; *Matter of Rachel G.*, 185 AD2d 382 [1992]).

The mother's remaining contention is without merit. Miller, J.P., Spolzino, Ritter and Dickerson, JJ., concur.