In the Matter of BIANCA M. and Another, Children Alleged to be Abused. SARATOGA COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; KEVIN N., Appellant. [870 NYS2d 550]— Peters, J.P.

In March 2005, petitioner commenced this proceeding alleging that respondent had abused and neglected his two children, Bianca (born in 1995) and Brianna (born in 2001). Respondent thereafter consented, in open court, to a finding that he abused Bianca and derivatively abused Brianna and, at the dispositional phase of the hearing, stipulated to the terms of a dispositional order and order of protection. Family Court subsequently entered a fact-finding and dispositional order adjudicating Bianca to be abused and Brianna to be derivatively abused and directing respondent to comply with the order of protection. Upon respondent's request, Family Court amended certain language contained in the order of disposition and order of protection. Respondent now appeals.

Respondent first challenges the terms of the order of disposition and order of protection. Since he consented to the terms of those orders, respondent is not aggrieved and therefore has no right to appeal such terms (*see Matter of Fantasia Y.*, 45 AD3d 1215, 1216 [2007]; *Matter of Dawn N.*, 4 AD3d 634, 635 [2004], *lv dismissed* 2 NY3d 786 [2004]; *Matter of John F.*, 228 AD2d 812, 813 [1996]). Respondent also asserts that the dispositional order was defective because it did not contain the warnings required by Family Ct Act § 1052 (c). There being no indication that any extension of that order was sought or granted, it has expired, rendering this portion of respondent's appeal moot (*see Matter of Curtis N.*, 302 AD2d 803, 803 [2003], *lv dismissed* 100 NY2d 535 [2003]; *Matter of Stephani FF.*, 296 AD2d 606, 607-608 [2002]). In any event, this technical deficiency in the order was harmless given the absence of any prejudice to respondent

as a result of such omission (*see Matter of Stephani F.F.*, 296 AD2d at 607; *see also Matter of Latifah C.*, 34 AD3d 798, 800 [2006]). Lastly, respondent's argument that the order of disposition and order of protection are rendered void due to the delay between Family Court's oral decision and the filing of those orders (*see* Family Ct Act § 217 [3]; 22 NYCRR 205.15) is both unpreserved and unpersuasive (*see Matter of Adams H.*, 28 AD3d 213, 214 [2006]; *Matter of Kim Shantae M.*, 221 AD2d 199, 199 [1995]; *see also Matter of Frederick Y.*, 199 AD2d 887, 888 [1993]).

Rose, Lahtinen, Kavanagh and Stein, JJ., concur. Ordered that the amended order is affirmed, without costs.