Matter of Hailey S. (Jason T.) (2020 NY Slip Op 06993)





Matter of Hailey S. (Jason T.)


2020 NY Slip Op 06993


Decided on November 25, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 25, 2020

529628

[*1]In the Matter of Hailey S. and Others, Alleged to be Abused and/or Neglected Children. Washington County Department of Social Services, Respondent; Jason T., Appellant.

Calendar Date: October 20, 2020

Before: Garry, P.J., Lynch, Clark, Devine and Reynolds Fitzgerald, JJ.


Lisa A. Burgess, Indian Lake, for appellant.
Roger A. Wickes, County Attorney, Fort Edward (Daniel S. Martindale of counsel), for respondent.
Trinidad M. Martin, Glens Falls, attorney for the children.



Reynolds Fitzgerald, J.
Appeal from an order of the Family Court of Washington County (Michelini, J.), entered June 19, 2019, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 10, to adjudicate the subject children to be neglected.
Respondent is the father of a son and a daughter (born in 2011 and 2013, respectively), and he also has a stepdaughter (born in 2002). In December 2018, petitioner filed a petition alleging that respondent had abused and neglected his stepdaughter and had derivatively abused and neglected the son and the daughter. The petition was supported by a caseworker's affidavit setting forth specific allegations. In June 2019, respondent consented to a finding upon some of these allegations. In exchange for respondent's consent to the neglect finding, petitioner agreed, among other things, to amend the petition and redact certain paragraphs contained in the caseworker's affidavit. The resulting order states that "[r]espondent . . . consented to the entry of an order of fact-finding without admission to derivative neglect . . . to the petition as amended on the record." Upon receipt of the order, respondent requested the order be amended to specify the exact paragraphs struck from the caseworker's affidavit. Family Court declined to amend the order. Respondent appeals.
Respondent contends that the order should be amended to reference the exact paragraphs that were redacted from the caseworker's affidavit. "An appeal may be taken as of right from any order of disposition" (Family Ct Act § 1112 [a]). However, a party does not have the right to challenge an order where the party is not aggrieved (see Matter of Ramsey H. [Benjamin K.], 99 AD3d 1040, 1044 [2012], lv denied 20 NY3d 858 [2013]; Matter of Bianca M., 57 AD3d 1253, 1253 [2008], lv denied 12 NY3d 705 [2009]). A party who consents to an order is not aggrieved except to the extent that it differs from or exceeds the consent (see Matter of Jordan v Horstmeyer, 152 AD3d 1097, 1098 [2017]).
A review of the record shows that, at the dispositional hearing, respondent consented to a finding of neglect as to the stepdaughter and a finding of derivative neglect as to the son and the daughter based upon the agreement between petitioner and respondent to strike the language in paragraphs seven and eight on page four and paragraph one on page five of the caseworker's affidavit. When Family Court asked how this would be reflected in the Family Ct Act article 10 order, petitioner stated that it would say "a consent in this case to derivative neglect based on the findings of the petition as amended," and respondent did not object. Family Court then stated, "So I'll go ahead and . . . what was placed on the record, I'll amend the petition to withdraw those . . . paragraphs . . . [and] I'll amend the petition to . . . redact those." Once again, respondent did not object at the hearing to the way in which Family Court struck the language on the record, but instead confirmed that he had no questions and "knowingly, intelligently and voluntarily . . . consent[ed] to neglect and derivative neglect." The terms of the resulting order reflect, and are not inconsistent with, the terms of the agreement. Although the order is not as specific as respondent would like, this does not render him an aggrieved party (see Matter of Elijah Q., 36 AD3d 974, 975 [2007], lv denied 8 NY3d 809 [2007]; Matter of Cherilyn P., 192 AD2d 1084, 1084 [1993], lv denied 82 NY2d 652 [1993]). As such, the appeal must be dismissed.
Garry, P.J., Lynch, Clark and Devine, JJ., concur.
ORDERED that the appeal is dismissed, without costs.