Matter of Ibn I.-A. (Genesee County Dept. of Social Servs.) (2025 NY Slip Op 03931)

Matter of Ibn I.-A. (Genesee County Dept. of Social Servs.)

2025 NY Slip Op 03931

Decided on June 27, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 27, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: BANNISTER, J.P., MONTOUR, OGDEN, DELCONTE, AND KEANE, JJ.

552 CAF 23-00959

[*1]IN THE MATTER OF IBN I.-A. AND MUJAHID I.-A.
and
GENESEE COUNTY DEPARTMENT OF SOCIAL SERVICES,
PETITIONER-RESPONDENT; MAKEEN I.-A., RESPONDENT-APPELLANT. 

LAW OFFICE OF VERONICA REED, SCHENECTADY (VERONICA REED OF COUNSEL), FOR RESPONDENT-APPELLANT.
DAVID J. PAJAK, ALDEN, FOR PETITIONER-RESPONDENT. 
ALISON BATES, VICTOR, ATTORNEY FOR THE CHILDREN. 

 Appeal from an order of the Family Court, Genesee County (Thomas D. Williams, J.), entered May 18, 2023, in a proceeding pursuant to Family Court Act article 10. The order, among other things, adjudged that respondent neglected the subject children. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this proceeding pursuant to Family Court Act article 10, respondent father appeals from an order that, inter alia, granted petitioner's motion for summary judgment seeking a determination that the father neglected his two children. We affirm.
Summary judgment is, of course, an appropriate procedure in Family Court Act article 10 proceedings (see Matter of Suffolk County Dept. of Social Servs. v James M., 83 NY2d 178, 182 [1994]; Matter of Celeste S. [Richard B.], 164 AD3d 1605, 1605 [4th Dept 2018], lv denied 32 NY3d 912 [2019]; see also Family Ct Act § 165 [a]). To establish that the children were neglected, petitioner was required to show that the children's physical, mental or emotional condition was in imminent danger of becoming impaired as a result of the father's failure to exercise a minimum degree of care in providing the children with proper supervision or guardianship, by unreasonably inflicting or allowing to be inflicted harm, or a substantial risk thereof (see Family Ct Act § 1012 [f] [i] [B]; see generally Nicholson v Scoppetta, 3 NY3d 357, 369-370 [2004]). Here, petitioner proffered in support of the summary judgment motion the criminal indictment charging the father with, inter alia, manslaughter in the second degree for recklessly causing the death of the children's mother. Petitioner also submitted the certificate of conviction establishing that the father pleaded guilty to that count. We reject the father's contention that because his conviction was based on an Alford plea, petitioner failed to establish the factual nexus between the conviction and the allegations in the neglect petition. The conviction and incarceration of a parent for a crime in which the parent intentionally or recklessly caused the death of the other parent is prima facie evidence of neglect regardless of the underlying circumstances (see generally Matter of Scott JJ., 280 AD2d 4, 7-8 [3d Dept 2001]). In any event, petitioner established the underlying factual circumstances of the actual impairment of the children's emotional welfare (see generally Matter of Michael G., 300 AD2d 1144, 1144 [4th Dept 2002]) by submission of the certified police records containing the sworn statement of the older child concerning the incident and clearly connected the father's actions to the death of the mother in the presence of the children. While the father now contends that the reports are inadmissible hearsay and the child's statement is uncorroborated, those contentions are raised for the first time on appeal and are not properly before us (see Bauman v Bauman, 236 AD3d 1312, 1317 [4th Dept 2025]; see also Robbins v Emery, 268 AD2d 515, 515 [2d Dept 2000]; see [*2]generally Ciesinski v Town of Aurora, 202 AD2d 984, 985 [4th Dept 1994]).
In opposition, the father failed to submit sufficient admissible evidence to create a triable issue of fact regarding the neglect of the children (see Zuckerman v City of New York, 49 NY2d 557, 562 [1980]).
Entered: June 27, 2025
Ann Dillon Flynn
Clerk of the Court