Matter of Alejandro G.P. (Neidy P.) (2026 NY Slip Op 00729)

Matter of Alejandro G.P. (Neidy P.)

2026 NY Slip Op 00729

Decided on February 11, 2026

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 11, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: MONTOUR, J.P., SMITH, OGDEN, GREENWOOD, AND DELCONTE, JJ.

944 CAF 25-00163

[*1]IN THE MATTER OF ALEJANDRO G.-P. ERIE COUNTY DEPARTMENT OF SOCIAL SERVICES, PETITIONER-RESPONDENT; NEIDY P., RESPONDENT-APPELLANT. (APPEAL NO. 1.) 

SALCEDO APPEALS PLLC, BUFFALO (STEVEN B. SALCEDO OF COUNSEL), FOR RESPONDENT-APPELLANT. 
SHELBY MAROSELLI, BUFFALO, FOR PETITIONER-RESPONDENT. 
DAVID C. SCHOPP, THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (RUSSELL E. FOX OF COUNSEL), ATTORNEY FOR THE CHILD.

 Appeal from an order of the Family Court, Erie County (Kelly A. Brinkworth, J.), entered December 23, 2024, in a proceeding pursuant to Family Court Act article 10. The order, among other things, determined that respondent had neglected the subject child. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this proceeding pursuant to Family Court Act article 10, respondent mother appeals from two orders, one for each of the subject children, that, among other things, adjudged that the mother neglected the subject children. We affirm.
Contrary to the mother's contention, Family Court properly determined that she neglected the children. To establish neglect, "petitioner was required to show, by a preponderance of the evidence, first, that [the] child[ren]'s physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired and second, that the actual or threatened harm to the child[ren] is a consequence of the failure of the parent or caretaker to exercise a minimum degree of care in providing the child[ren] with proper supervision or guardianship" (Matter of Landen S. [Timothy S.], 227 AD3d 1465, 1465-1466 [4th Dept 2024] [internal quotation marks omitted]; see Nicholson v Scoppetta, 3 NY3d 357, 368 [2004]). The court's "findings of fact are accorded deference and will not be disturbed unless they lack a sound and substantial basis in the record" (Landen S., 227 AD3d at 1466 [internal quotation marks omitted]).
Here, the record establishes that the mother left one of her children in the care of her live-in boyfriend and that the child sustained bruising and a cut on the arm as a result. The mother knew of the boyfriend's propensity to commit violence, and therefore she should have known that he was an unsuitable caregiver, which may form the basis for a finding of neglect (see Matter of Trinity E. [Robert E.], 137 AD3d 1590, 1591 [4th Dept 2016]). Moreover, the exposure of the children to domestic violence between the mother and her boyfriend is an additional basis for a finding of neglect (see id.; Matter of Michael G., 300 AD2d 1144, 1144 [4th Dept 2002]). Finally, the mother's decision to violate a court order and abscond with the children during the pendency of this proceeding also supports a finding of neglect inasmuch as it is an action that falls below the minimum degree of care of a parent and impaired the children emotionally (see generally Family Court Act § 1012 [f] [i]; Matter of Trebor UU., 279 AD2d 735, 737 [3d Dept 2001]). We therefore conclude that the court's findings of neglect have a sound and substantial basis in the record (see generally Matter of Shakema R. v Mesha B., 236 [*2]AD3d 1383, 1386 [4th Dept 2025], lv denied 43 NY3d 906 [2025]).
Entered: February 11, 2026
Ann Dillon Flynn
Clerk of the Court