In the Matter of WENDY "B" et al., by George "C", Respondents, v RONALD "B", Appellant.*

Third Department, July 15, 1976

---

* Names fictitious for purposes of publication.

*Joseph T. Murphy* for appellant.

*William A. Cremo* for respondents. .

MAIN, J. This is an appeal in a proceeding to require appellant to show cause why an order should not be granted dispensing with his consent to the adoption of minor children. Born of the marriage of appellant and petitioner's present wife, Wendy was only about nine months old, and Heidi was not yet born when the parties separated in December, 1964. Thereafter, appellant obtained a proper judgment of divorce from his wife upon grounds of incompatibility in Mexico in 1966, and on July 15, 1967 appellant's former wife married petitioner, in whose household she has lived with the children since that time. Following a hearing on the motion to show cause, the Family court found that appellant had abandoned the children and, accordingly, directed that his consent is not required for their adoption.

Upon our examination of the record in this matter, we find that the determination of the Family Court must be affirmed. Section 111 of the Domestic Relations Law expressly provides that the consent of a parent to an adoption is not required where the parent has abandoned the child, and in this instance abundant evidence supports the finding of abandonment. Although there is disagreement between the parties over certain aspects of the factual situation here and the reasons therefor, it is undisputed that appellant had few contacts with the children following his separation from their

mother until the time of her remarriage in 1967. Since that time, he has had no direct contact with the children and has failed to provide for their support as required by a separation agreement incorporated into the Mexican divorce. Having surrendered visitation rights by the terms of this same agreement, he made no request for an order of visitation prior to the instant proceeding, and he has further permitted the children to use petitioner's last name without objection. In sum, his sole contact with the children since 1967, when they were aged 3 and 2, was limited to intermittent conversations with his former wife, and such a record amply supports the Family Court decision which must be affirmed *(Matter of Wilkov,* 33 AD2d 805).

In conclusion, we would note that appellant's reliance upon *Matter of Susan W. v Talbot G.* (34 NY2d 76) is misplaced. Even under the "flicker of interest" test set forth therein, we would reach the same result here. Moreover, that test has been significantly modified by a subsequent amendment to section 111 of the Domestic Relations Law to the effect that "evidence of insubstantial and infrequent contacts by a parent" with his chldren will not suffice to preclude a finding of abandonment. While this amendment did not become effective until August 9, 1975, the Family Court properly decided this case on the law as it existed at the time of its decision, including this amendment *(Matter of Ray A.M.,* 37 NY2d 619).

The order should be affirmed, without costs.

GREENBLOTT, J. P., SWEENEY, HERLIHY and REYNOLDS, JJ., concur.

Order affirmed, without costs.