■ In the Matter of Corey L by Gordon K, et al., Respondents, v Martin L, Appellant.—Appeal from an order of the Family Court, Chenango County, entered December 17, 1975, which, upon the determination that the consent of the appellant was not required for the adoption of his child by petitioners, scheduled a formal adoption proceeding and dismissed appellant's petition for custody or visitation. The sole issue presented is whether the Family Court erred in concluding that the appellant natural father had "abandoned" his son within the meaning of section 111 of the Domestic Relations Law so that his consent to the adoption of the said child by petitioners was not required. The petitioner natural mother and the appellant were married from August 9, 1967 to August 18, 1971. The sole issue of this marriage is "Corey Lee", a son. The copetitioners in the Family Court proceeding to adopt Corey Lee, were married on May 19, 1973. The appellant would not consent to the adoption, but the Family Court determined that his consent was unnecessary because he had "abandoned" his son within the meaning of section 111 of the Domestic Relations Law. This appeal ensued. The record indicates that appellant visited or attempted to visit the proposed adoptive child on a fairly regular basis during his leaves from the service, from 1970 to 1973. By his own testimony, however, from December, 1973 until the date of the hearing, December, 1975, he saw the

child only six times, only once after October, 1974. Appellant's failure to exercise more substantial visitation is particularly damaging when examined in light of the facts that he lived in the same area as his son and that there is no indication of a specific instance during 1974 or 1975 when he was prevented from making an attempted visit. There was no attempt for an order of visitation prior to the instant proceeding *(Matter of Wendy B v Ronald B,* 53 AD2d 160). In addition to his increasingly infrequent personal contacts, appellant made no support payments after August or September, 1972 despite a fairly regular income. We find the appellant's explanations for his lack of contact with and support of his son to be generally unpersuasive. As we pointed out in *Matter of Wendy B v Ronald B (supra),* the so-called "flicker of interest" test contained in *Matter of Susan W. v Talbot G.* (34 NY2d 76), upon which the appellant herein so heavily relies, has been modified by the subsequent amendment to section 111 of the Domestic Relations Law which provides that "evidence of insubstantial and infrequent contacts by a parent with his or her child shall not, of itself, be sufficient as a matter of law to preclude a finding that such parent has abandoned such child" (L 1975, ch 704, § 3, eff Aug. 9, 1975). Contrary to appellant's claim the Family Court properly considered this amendment to section 111 of the Domestic Relations Law in making its decision *(Matter of Wendy B v Ronald B, supra).* We agree with the conclusion of the Family Court that the evidence as to the appellant's "insubstantial and infrequent contacts" with his son was insufficient to overcome the proof of abandonment in this record for the purposes of determining appellant's right to require his consent to this adoption under section 111 of the Domestic Relations Law. Order affirmed, without costs, and stay vacated. Greenblott, J. P., Kane, Mahoney and Larkin, JJ., concur; Herlihy, J., dissents and votes to dismiss and remit in the following memorandum. Herlihy, J. (dissenting). The record establishes that the petitioner mother and the appellant father were married on August 9, 1969 and that the child was born on November 10, 1969. The father entered the armed services in 1970 and while so employed he divorced the mother on August 13, 1971. The mother retained custody of the infant and she married the co-petitioner-stepfather in May of 1973. The father was discharged from the Air Force in October of 1973 and the petitioners sought adoption soon thereafter in *May of 1974.* That petition asserted that the consent of the father was unnecessary because he had abandoned the child. The petitioners took no further action until *October 29, 1975* when the mother executed an affidavit in support of the petition on which date the Family Court held its first hearing on the petition. It is undisputed that after his discharge the father had no income until November 11, 1973 and that until December 16, 1973 his income was $67 per week. From December 17, 1973 until the commencement of this proceeding his net income was about $80 per week. The present record establishes that regardless of the disposition in this case the infant will continue to know and probably have contact with his father in the relatively rural area where all concerned reside and earn their living. The Family Court and the majority herein are finding that the abandonment occurred based on facts relating to the time subsequent to the filing of the adoption petition. The present record establishes, as a matter of law, that the petitioners did not want support money from the father on and after the date of the filing of the petition and further that they did not want him to have visitation after that time. The filing of the petition mandates such factual conclusions. The time segments as set forth hereinabove establish no basis whereby the finding of abandonment can be sustained (cf. *Matter of*

*Susan W. v Talbot G.,* 34 NY2d 76). The petition should be dismissed for a failure to establish abandonment as a matter of law and the proceeding remitted to the Family Court for further proceedings on the appellant's application for custody or visitation filed on October 29, 1975.