In the Matter of SEAN "Y"* by EDWARD "Z"* et al., Appellants, v JOHN "Y",* Respondent.

Third Department, May 25, 1978

APPEARANCES OF COUNSEL

*Frank J. Williams, Jr.,* for appellants.

* Fictitious names.

*Ainsworth, Sullivan, Tracy & Knauf (Anthony V. Cardona* of counsel), for respondent.

## OPINION OF THE COURT

MAIN, J.

In 1972, the petitioners in this proceeding were married, and since that time the child whom they presently wish to adopt has resided with them. Said child was born of the marriage of the petitioner wife and her former husband, the respondent herein, in 1967, and this earlier marriage was ended by divorce in 1969. In their application for the adoption, petitioners alleged that respondent's consent thereto was unnecessary because he had abandoned the child, but following a hearing the Surrogate's Court determined otherwise upon finding that, despite his reasonable efforts, respondent had been unable to visit or communicate with his child due largely to the acts of the child's mother which prevented contact. Accordingly, the court denied the adoption petition, and this appeal ensued.

The sole question presented for our determination is whether or not the court properly ruled that respondent's consent to the adoption was necessary. Insofar as it is pertinent to this issue, section 111 (subd 2, par [a]) of the Domestic Relations Law provides that a parent's consent to an adoption is unnecessary where the parent has evinced an intent to forego his parental rights and obligations "as manifested by his * * * failure for a period of six months to visit the child and communicate with the child or person having legal custody of the child, although able to do so". Although this amendment to the statute (L 1976, ch 666, § 9, eff Jan. 1, 1977) served to lighten the burden of petitioners seeking to prove the abandonment of a child by a parent, the burden nonetheless remains a heavy one *(Matter of Goldman,* 41 NY2d 894), and constitutional principles continue to require that a parent can be supplanted only for grievous cause or necessity *(Stanley v Illinois,* 405 US 645; *Matter of Bennett v Jeffreys,* 40 NY2d 543).

In this instance, while respondent concedes that he had no contact with his child during the statutory six-month period, the record establishes that he has not resided in the same area as the child and supports the court's finding that he attempted to locate the child but that his former wife misled him and otherwise kept him uninformed as to the

child's whereabouts even though she could easily have contacted him. Moreover, respondent has demonstrated his continuing interest in his child, by, *inter alia,* opening a bank account for him when advised by a Massachusetts court to discontinue support payments, maintaining health and dental coverage for him, and designating him as his beneficiary in his will and a trust indenture. Under all of these circumstances, the court justifiably concluded that respondent, through no fault of his own, was unable to maintain contact with his child, and, consequently, in accordance with section 111 of the Domestic Relations Law, the petition for adoption was denied (cf. *Matter of Corey L v Martin L,* 55 AD2d 717).

The order should be affirmed, without costs.

GREENBLOTT, J. P., SWEENEY, STALEY, JR., and MIKOLL, JJ., concur.

Order affirmed, without costs.