■ In the Matter of the Adoption of LISA MARIE F. STEVEN G. et al., Respondents; JESSE F., Appellant. — Main, J.

Petitioners are the natural mother of an infant girl and her current husband. They seek adoption of the infant by the current husband and allege that the consent of respondent, the child's natural father, is unnecessary because he has abandoned the child. Family Court concluded that petitioners satisfied their burden of demonstrating by clear and convincing evidence that respondent abandoned the child and, thus, ordered that his consent to the infant's adoption was not required. On this appeal by respondent, we affirm.

The record reveals that the infant was born on August 5, 1980, some 2½ months after her parents married. By December 1980, the parents had separated. Respondent sought custody of the infant in early 1981, but his petition was denied in April 1981. He claims that his attempts and desire to see his daughter were thwarted by her mother and there is evidence in the record which demonstrates that the mother made abundantly clear that respondent was not to see the infant. Nonetheless, there is more than adequate evidence to support Family Court's conclusion.

Respondent has been convicted of at least two felonies, the second of which resulted in a prison term of 4 to 8 years which he is currently serving. Respondent also candidly admitted that in late 1981 he fled this State upon learning of an outstanding warrant for his arrest. Such conduct raises severe doubts about respondent's desire to maintain a relationship with his daughter and his fitness to do so (*see, Matter of Joseph LL.,* 63 NY2d 1014, 1016). Furthermore, respondent's claim that he wrote letters from prison to learn the whereabouts of his daughter and to maintain contact with her is belied by the content of these letters, which make no reference to his desires to see or maintain contact with the infant. Indeed, respondent unequivocally stated in one such letter that he wanted the address of his wife and daughter to enable him to serve his wife with papers relative to a divorce action.

Although the acts of the infant's mother to prevent respondent from seeing or communicating with his daughter cannot be condoned (*see, e.g., Matter of Goldman,* 41 NY2d 894, 896; *Matter of Michael Lee QQ. v Michael Lee QQ.,* 78 AD2d 741), respondent showed little interest in overcoming such obstacles. Thus, this case is distinguishable from those such as *Matter of*

*Michael Lee QQ. v Michael Lee QQ. (supra)* and *Matter of Sean "Y" v John "Y"* (62 AD2d 426), in which the parents, alleged to have abandoned their children, undertook acts for the benefit of the children. The sporadic and minimal attempts after early 1981 by respondent to maintain a relationship with his daughter reveal, at best, a "flicker of interest" in her, which is insufficient to prevent a court from intervening in parental rights (*Matter of Amy SS.*, 64 NY2d 788; *Matter of Corey L. v Martin L.*, 45 NY2d 383, 389). We are especially disturbed by respondent's flight from this State, in which his daughter was living, in late 1981. On this record, we are of the view that petitioners have carried their burden of showing by clear and convincing evidence that respondent has evinced "an intent to forego his * * * parental * * * rights and obligations" (Domestic Relations Law § 111 [2] [a]).

Order affirmed, without costs. Kane, J. P., Main, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.