In the Matter of RAVON PAUL H., a Child Alleged to be Abandoned. LITTLE FLOWER CHILDREN'S SERVICES, Respondent; PAUL H., Appellant.—Order of the Family Court of the State of New York, New York County (Mary E. Bednar, J.), entered on or about March 22, 1989, which terminated appellant putative father's rights to custody and guardianship of the infant child Ravon Paul H., transferred custody and guardianship to petitioner Little Flower Children's Services and to the New York City Commissioner of Social Services, and ordered that petitioner and the Commissioner of Social Services be authorized to consent to the adoption of said infant, is unanimously affirmed, without costs.

Petitioner has met its burden of proof by clear and convincing evidence. The child has been in foster care with the prospective adoptive parents since 1986. The record indicates that appellant had only three communications with the child for the entire period of foster care, and that appellant's mother made only one attempt at visitation, which was unsuccessful.

Sporadic and minimal attempts to maintain a parental relationship are insufficient to prevent a finding of abandonment *(Matter of Lisa Marie F.,* 110 AD2d 993). Appellant's incarceration, commencing in or around August 1987, did not ipso facto toll the period of abandonment *(Matter of Ulysses T.,* 87 AD2d 998 [4th Dept 1982]), and the fact of appellant's imprisonment was insufficient in this case to rebut a finding of abandonment, in light of the absence of evidence that appellant attempted to write, send gifts, telephone or otherwise maintain a relationship with the child, or the agency, during such period of incarceration.

The testimony of appellant's mother regarding her sporadic attempts to maintain contact with the child are equally unpersuasive, and it was, in any event, within the purview of the trial court to evaluate the credibility of such testimony (see, Matter of Christopher T., 156 AD2d 190).

In addition, appellant claims no error with respect to the Family Court's determination regarding the best interests of the child. Concur—Murphy, P. J., Ross, Asch and Wallach, JJ.