■ In the Matter of EBONY P. DUKES, Appellant, v BRIAN C. McPHERSON, Respondent. [857 NYS2d 390]—

Appeal from an order of the Supreme Court, Monroe County (Elma A. Bellini, A.J.), entered September 18, 2006 in a proceeding pursuant to Family Court Act article 6. The order, inter alia, denied the petition seeking, inter alia, permission for the parties' son to relocate with petitioner to another state.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Petitioner mother appeals from an order denying her petition seeking, inter alia, permission for the parties' son to relocate with her to Maryland. A party seeking relocation has the burden of demonstrating, by a preponderance of the evidence, that the proposed relocation is in the child's best interests (*see Matter of Tropea v Tropea*, 87 NY2d 727, 741 [1996]; *Matter of Jones v Tarnawa*, 26 AD3d 870, 871 [2006], *lv*

*denied* 6 NY3d 714 [2006]). While the relocation of a child outside of the geographic area where the noncustodial parent resides is not presumptively against the child's best interests, "the impact of the move on the relationship between the child and the noncustodial parent will remain a central concern" (*Tropea*, 87 NY2d at 739). Here, in denying that part of the mother's petition with respect to relocating, Supreme Court properly considered the factors set forth in *Tropea*, including "each parent's reasons for seeking or opposing the move, the quality of the relationships between the child and the custodial and noncustodial parents, the impact of the move on the quantity and quality of the child's future contact with the noncustodial parent, the degree to which the custodial parent's and child's life may be enhanced economically, emotionally and educationally by the move, and the feasibility of preserving the relationship between the noncustodial parent and child through suitable visitation arrangements" (*id.* at 740-741). Present— Hurlbutt, J.P., Martoche, Fahey, Green and Gorski, JJ.