■ DAVID J. IMPASTATO, Respondent, v SALLY REED IMPASTATO, Appellant. CLEMENT S. PATTI, JR., Nonparty Appellant [879 NYS2d 509]—

In an action for a divorce and ancillary relief, (1) the defendant appeals from an order of the Supreme Court, Westchester County (Lubell, J.), entered May 13, 2008, which, after a hearing, denied that branch of her motion which was for permission to relocate to the State of Texas with the parties' two children, and (2) the defendant and the nonparty, Clement S. Patti, Jr., appeal, as limited by their brief and a stipulation dated November 12, 2008, from so much of an order of the same court dated August 4, 2008, as denied that branch of the defendant's separate motion which was for recusal of the trial justice and granted the plaintiff's cross motion for the award of an attorney's fee and the imposition of a sanction pursuant to 22 NYCRR 130-1.1 to the extent of awarding the plaintiff an attorney's fee in the sum of $7,262.50, payable by the defendant, and directing Clement S. Patti, Jr., the defendant's attorney, to pay a sanction in the sum of $2,500.

Ordered that the appeal by the defendant from so much of the order dated August 4, 2008, as granted that branch of the plaintiff's cross motion which was for the imposition of a sanction pursuant to 22 NYCRR 130-1.1 to the extent of directing her attorney to pay a sanction in the sum of $2,500 is dismissed, as the defendant is not aggrieved by that portion of the order (*see* CPLR 5511); and it is further,

Ordered that the appeal by the nonparty, Clement S. Patti, Jr., from so much of the order dated August 4, 2008, as denied that branch of the defendant's motion which was for recusal and granted that branch of the plaintiff's cross motion which was for the award of an attorney's fee pursuant to 22 NYCRR 130-1.1 is dismissed, as he is not aggrieved by that portion of the order; and it is further,

Ordered that the orders are affirmed, with one bill of costs to the plaintiff.

The court properly denied that branch of the defendant's motion which was for permission to relocate to the State of Texas with the parties' two children since she did not establish, by a preponderance of the evidence, that the proposed relocation would be in the children's best interests (*see Matter of Tropea v Tropea,* 87 NY2d 727, 741 [1996]). The evidence adduced at the hearing provided a sound basis to conclude that the interstate move would have an adverse impact on the quality and quantity of the children's future contact with their father and would not guarantee the children any emotional, educational, or economic benefit (*id.* at 740-741; *see Matter of Dukes v McPherson,* 50 AD3d 1529, 1530 [2008]; *Matter of Zammit v Novellino,* 30 AD3d 534 [2006]; *Matter of Confort v Nicolai,* 309 AD2d 861 [2003]).

Further, absent a legal disqualification under Judiciary Law § 14, a trial judge is the sole arbiter of his or her recusal (*see People v Moreno,* 70 NY2d 403, 405 [1987]; *Matter of Susan B.,* 264 AD2d 478, 479 [1999]). Here, on that branch of her motion which was for recusal, the defendant failed to set forth any proof of the Supreme Court's bias or prejudice. Under these circumstances, the Supreme Court providently exercised its discretion in denying that branch of the defendant's motion (*see People ex rel. Smulczeski v Smulczeski,* 18 AD3d 785, 786 [2005]; *Modica v Modica,* 15 AD3d 635, 636 [2005]; *Colella v Colella,* 11 AD3d 576 [2004]).

The appellants' remaining contentions are without merit. Fisher, Miller and Balkin, JJ., concur.

Spolzino, J.P. (concurring in part and dissenting in part, and voting to affirm the order entered May 13, 2008, to dismiss the appeal by the defendant from so much of the order dated August 4, 2008, as granted that branch of the plaintiff's cross motion which was for the imposition of a sanction pursuant to 22 NYCRR 130-1.1 to the extent of directing her attorney to pay a sanction in the sum of $2,500, to dismiss the appeal by the nonparty, Clement S. Patti, Jr., from so much of the order dated August 4, 2008, as denied that branch of the defendant's motion which was for recusal and granted that branch of the plaintiff's cross motion which was for the award of an attorney's fee pursuant to 22 NYCRR 130-1.1, to modify the order dated August 4, 2008, by deleting the provision thereof granting the plaintiff's cross motion for the award of an attorney's fee and the imposition of a sanction and substituting therefor a provision denying the cross motion, and, as so modified, to affirm the order dated August 4, 2008, insofar as reviewed, with the following memo-

randum): I agree that the Supreme Court properly denied that branch of the defendant's motion which was for permission to relocate and that branch of her subsequent motion which was for recusal. I do not agree, however, that the defendant should have been required to pay the attorney's fee incurred by the plaintiff in responding to the several branches of the defendant's motions or that the defendant's attorney should have been sanctioned for making those motions. To that extent, therefore, I dissent, respectfully.

Except to the extent necessitated by the respective financial positions of the parties (see Domestic Relations Law § 237 [b]; *DeCabrera v Cabrera-Rosete,* 70 NY2d 879, 881 [1987]; *Sevdinoglou v Sevdinoglou,* 40 AD3d 959, 960 [2007]), costs, including an award of an attorney's fee, and sanctions should rarely be imposed, in my view, for making a motion in a matrimonial action, lest legitimate requests for relief be discouraged. While there are certainly situations in which the conduct at issue is so egregious that the imposition of costs and sanctions is warranted (see 22 NYCRR 130-1.1), the motions here, although without merit, were not, as I see it, so bereft of basis, and the language of the moving papers, while intemperate at times, was not so outrageous, that such relief should have been granted.