■ In the Matter of ALYSSA A., an Infant. MICHELLE N., Appellant; SANDRA N. et al., Respondents. (Proceeding No. 1.) In the Matter of ANDREI A., an Infant. MICHELLE N., Appellant;

SANDRA N. et al., Respondents. (Proceeding No. 2.) [913 NYS2d 690]—

In two related adoption proceedings pursuant to Domestic Relations Law article 7, the biological mother appeals from an order of the Family Court, Rockland County (Warren, J.), dated October 19, 2009, which determined, after a hearing, that her consent to the adoption of her children was not required because she had abandoned them.

Ordered that the order is affirmed, without costs or disbursements.

In April 2004 the subject children were found to be neglected and were placed in the temporary custody of the paternal grandparents (hereinafter the petitioners) of the younger child. In September 2005 the biological mother tested positive for drugs and her visitation with the children was suspended. In February 2006 she consented to an award of permanent custody of the children to the petitioners. In February 2008 and June 2008 the biological mother petitioned for supervised visitation with the children. Those petitions were dismissed, and in July 2008 she began paying child support.

In February 2009 the biological mother filed another petition for supervised visitation. In March 2009 the petitioners commenced the instant proceedings to adopt the children, alleging that the biological mother's consent was not required because she had not made any attempt to contact them or the children in three years. The biological mother disputed that she had abandoned the children and the Family Court held the biological mother's supervised visitation petition in abeyance pending the outcome of a hearing on the issue of abandonment.

During the hearing, the biological mother moved for the Family Court to recuse itself, which motion was denied. Upon completion of the hearing, the Family Court determined that the biological mother's consent to the adoption of the children was not required, and the biological mother appeals.

Absent a legal disqualification under Judiciary Law § 14, a trial judge is the sole arbiter of the need for recusal, and the decision is a matter of discretion and personal conscience (see

*People v Moreno*, 70 NY2d 403, 405 [1987]; *Matter of O'Donnell v Goldenberg*, 68 AD3d 1000 [2009]; *Impastato v Impastato*, 62 AD3d 752 [2009]). Here, the biological mother failed to set forth any demonstrable proof of bias or prejudgment of the matter to warrant the conclusion that the Family Court's denial of her motion to recuse was an improvident exercise of discretion (*see Matter of O'Donnell v Goldenberg*, 68 AD3d 1000 [2009]; *Impastato v Impastato*, 62 AD3d 752 [2009]).

The Family Court properly determined that the biological mother's consent to the adoption of the children by the petitioners was not required. Consent to adoption is not required of a parent who demonstrates an intent to forego parental rights "as manifested by his or her failure for a period of six months to visit the child and communicate with the child or person having legal custody of the child, although able to do so" (Domestic Relations Law § 111 [2] [a]; *see Matter of Tiara G. [Theresa G.—Norman A.]*, 73 AD3d 920 [2010]). The ability to visit and communicate with a child or person having custody of the child is presumed (*see* Domestic Relations Law § 111 [6] [a]), and subjective intent, "unsupported by acts, is insufficient to avoid a finding of abandonment" (*Matter of Shauna B.*, 305 AD2d 737, 738 [2003]; *see* Domestic Relations Law § 111 [6] [c]; *Matter of Mia II. [Theresa J.J.—Michael II.]*, 75 AD3d 722, 724 [2010], *lv denied* 15 NY3d 710 [2010]).

Contrary to the biological mother's contention, the petitioners sustained their burden of establishing, by clear and convincing evidence (*see Matter of Tiara G. [Theresa G.—Norman A.]*, 73 AD3d 920 [2010]), that she abandoned the children pursuant to Domestic Relations Law § 111 (2) (a). It is undisputed that she last visited with the children in September 2005. Although she testified that she sent weekly letters to the children during a period of time in 2006, and that she telephoned the petitioners in December 2006, who advised her not to call again or they would call the police, the petitioners both testified that they did not receive any such letters or telephone call. The Family Court resolved this conflicting testimony in favor of the petitioners, and there is no basis to disturb the Family Court's credibility determination (*see Matter of Morgaine JJ.*, 31 AD3d 931 [2006]; *Matter of Shaolin G.*, 277 AD2d 312 [2000]).

In any event, even if the biological mother's testimony were credited, it would not excuse her admitted failure to attempt to contact the children or the petitioners throughout the year 2007 (*see Matter of Joshua II.*, 296 AD2d 646 [2002]; *Matter of Lisa Marie F.*, 110 AD2d 993 [1985]; *cf. Matter of Shawn P.*, 187 AD2d 432 [1992]). Mastro, J.P., Covello, Angiolillo and Lott, JJ., concur.