■ Robin Galanti, Respondent, v Steven Kraus, Appellant. [949 NYS2d 638]—In a matrimonial action in which the parties were divorced by judgment dated March 12, 2010, the defendant appeals, as limited by his brief, from so much of an order of the Supreme Court, Putnam County (Nicolai, J.), dated April 28, 2011, as denied that branch of his motion which was for recusal.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

"Absent a legal disqualification under Judiciary Law § 14, a court is the sole arbiter of the need for recusal, and its decision is a matter of discretion and personal conscience" (*Matter of O'Donnell v Goldenberg*, 68 AD3d 1000, 1000 [2009]; *see People v Moreno*, 70 NY2d 403, 405-406 [1987]). Here, the Supreme Court providently exercised its discretion in denying that branch of the defendant's motion which was for recusal, since the defendant did not establish that there was a basis for recusal pursuant to Judiciary Law § 14 and failed to set forth any proof of bias or prejudice on the part of the Supreme Court Justice (*see Hayden v Gordon*, 91 AD3d 819, 822 [2012]; *Matter of McGrath v D'Angio*, 85 AD3d 794, 794 [2011]; *Matter of Alyssa A. [Michelle N.—Sandra N.]*, 79 AD3d 740, 741-742 [2010]; *Vogelgesang v Vogelgesang*, 71 AD3d 1131, 1131-1132 [2010]; *Walter v Walter*, 62 AD3d 787, 788 [2009]; *Vest v Vest*, 50 AD3d 776, 777 [2008]). Dillon, J.P., Belen, Austin and Sgroi, JJ., concur.