Order, Family Court, Bronx County (Monica Drinane, J.), entered on or about June 20, 2012, which, after a hearing, inter alia, determined that respondent father’s consent is not required before freeing the child for adoption, and, in the alternative, that pursuant to Social Services Law § 384-b, respondent abandoned the subject child, unanimously affirmed, without costs.
The record contains clear and convincing evidence that respondent failed to satisfy the requirements of Domestic Relations Law § 111 (1) (d) that he maintain substantial and continuous or repeated contact with the child (see Matter of Maxamillian, 6 AD3d 349, 351 [1st Dept 2004]).
The record also demonstrates by clear and convincing evidence that respondent abandoned the child because during the six-month period preceding the filing of the petition, he did not contact the agency or visit his son (Social Services Law § 384-b [4] [b]; see Matter of Annette B., 4 NY3d 509, 513-514 [2005]). Although respondent filed two custody and/or visitation petitions regarding the child, they were not filed within the applicable look-back period, and were dismissed upon respondent’s default. Respondent’s testimony that, prior to the relevant time period, he had chance encounters with the child during which he “would stop, talk with him, give him money and then leave,” is insufficient to demonstrate consistent contact as these encounters were too sporadic and minimal to avoid the presumption of abandonment (see Matter of Ravon Paul H., 161 AD2d 257, 257 [1st Dept 1990]).
Respondent failed to show that there were circumstances rendering contact with the child or agency infeasible, or that he was discouraged from contacting the child by the agency (Social Services Law § 384-b [5] [b]; see Matter of Isaiah Johnathan S., 33 AD3d 459, 459 [1st Dept 2006]).
The Family Court correctly determined that a dispositional hearing was not required. There is no statutory mandate requiring a dispositional hearing after a finding of abandonment pursuant to Social Services Law § 384-b. The court also properly determined that the termination of parental rights to allow for adoption is in the best interests of the child.
Concur—Friedman, J.E, Sweeny, Renwick, Richter and Román, JJ.