■ In the Matter of KEVINA G. ADMINISTRATION FOR CHILDREN'S SERVICES et al., Respondents; KEVIN C., Appellant, et al., Respondent. [998 NYS2d 919]—

Appeal from stated portions of an order of fact-finding and disposition of the Family Court, Kings County (Ann O'Shea, J.), dated March 18, 2014. The order, after a hearing, inter alia, determined that the father's consent to the adoption of the subject child is not required and that he is not entitled to notice

of adoption proceedings, and transferred custody and guardianship of the subject child to MercyFirst and the Commissioner of the Administration for Children's Services of the City of New York. The notice of appeal dated January 27, 2014, is deemed to be a notice of appeal from the order of fact-finding and disposition (*see* CPLR 5512 [a]).

Ordered that the order of fact-finding and disposition is affirmed insofar as appealed from, without costs or disbursements.

The Family Court's determination that the father's consent to the adoption of the subject child was not required is supported by clear and convincing evidence (*see Matter of Julian J.C. [Juan C.]*, 96 AD3d 937 [2012]). The father failed to meet his burden of establishing that he maintained substantial and continuous or repeated contact with the child through the payment of support and either regular visitation or other communication with her (*see* Domestic Relations Law § 111 [1] [d]; *Matter of Robert O. v Russell K.*, 80 NY2d 254, 264 [1992]; *Matter of Jasiah T.-V.S.J. [Joshua W.]*, 112 AD3d 717 [2013]). Although the father resided with the child for more than one year after her birth, and his family served as custodians of the child for some years thereafter during his incarceration, the clear and convincing evidence proffered at the hearing established that he failed for a period of six months prior to the commencement of this proceeding to communicate with the child or the agency, although able to do so (*see* Domestic Relations Law § 111 [2] [a]; *Matter of Angelina K. [Eliza W.—Michael K.]*, 105 AD3d 1310 [2013]; *Matter of Baby Girl W.D.*, 251 AD2d 501 [1998]). The father's incarceration did not relieve him of his responsibility to maintain contact or communicate with the child or the agency (*see Matter of Jerralynn R. Mc. [Scott Mc.]*, 114 AD3d 793, 794 [2014]; *Matter of Female F.*, 40 AD3d 993 [2007]; *Matter of Jahmir Domevlo J.*, 8 AD3d 280 [2004]; *Matter of Joseph*, 227 AD2d 974 [1996]), and his subjective intent is insufficient to preclude a finding that his consent to the child's adoption is not required (*see* Domestic Relations Law § 111 [1] [d]; [6] [c]; *Matter of Alyssa A. [Michelle N.—Sandra N.]*, 79 AD3d 740, 742 [2010]; *Matter of Shauna B.*, 305 AD2d 737 [2003]).

Further, the Family Court properly determined that the father did not meet the statutory criteria to be entitled to notice of adoption proceedings (*see* Social Services Law § 384-c [2]; *Lehr v Robertson*, 463 US 248, 264-265 [1983]). Skelos, J.P., Austin, Roman and LaSalle, JJ., concur.