# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**620**
**CAF 13-02169**
PRESENT: SMITH, J.P., CARNI, LINDLEY, VALENTINO, AND WHALEN, JJ.

---

IN THE MATTER OF MAKIA R.J. AND NAKIA M.J.
-------------------------------------------
ERIE COUNTY DEPARTMENT OF SOCIAL SERVICES,          MEMORANDUM AND ORDER
PETITIONER-RESPONDENT;

MICHAEL A.J., RESPONDENT-APPELLANT.

---

JENNIFER M. LORENZ, LANCASTER, FOR RESPONDENT-APPELLANT.

JOSEPH T. JARZEMBEK, BUFFALO, FOR PETITIONER-RESPONDENT.

DAVID C. SCHOPP, ATTORNEY FOR THE CHILDREN, THE LEGAL AID BUREAU OF
BUFFALO, INC., BUFFALO (CHARLES D. HALVORSEN OF COUNSEL).

---

Appeal from an order of the Family Court, Erie County (Lisa Bloch Rodwin, J.), entered November 12, 2013. The order determined that respondent is not a father whose consent to the adoption of the subject children was required.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Respondent, the biological father of the subject children, contends that Family Court erred in determining, following an evidentiary hearing, that he is not a father whose consent to the adoption of the subject children was required pursuant to Domestic Relations Law § 111. We reject that contention. Section 111 (1) (d) provides that a child born out of wedlock may be adopted without the consent of the child's biological father unless the father shows that he "maintained substantial and continuous or repeated contact with the child as manifested by: (i) the payment by the father toward the support of the child . . . , *and* either (ii) the father's visiting the child at least monthly when physically and financially able to do so . . . , or (iii) the father's regular communication with the child or with the person or agency having the care or custody of the child, when physically and financially unable to visit the child or prevented from doing so" (emphasis added). Here, it is undisputed that respondent paid only $99.99 in child support since July 2003, and nothing between 2006-2012, notwithstanding a prior order directing him to pay at least $25.00 per month. Thus, regardless of whether respondent visited the child monthly or regularly communicated with the child, the court properly determined that he was a mere notice father whose consent was not required for the adoption of the subject children (*see Matter of Jules S. [Julio S.]*, 96 AD3d 448, 449, *lv*

*denied* 19 NY3d 814; *see generally* Social Services Law § 384-c).

In any event, giving great deference to the court's credibility determinations, as we must (*see Matter of Kennedie M. [Douglas M.]*, 89 AD3d 1544, 1544-1545, *lv denied* 18 NY3d 808; *see also Matter of Angelina K. [Eliza W.–Michael K.]*, 105 AD3d 1310, 1312, *lv denied* 21 NY3d 860), we conclude that the court's further determination that respondent failed to visit or communicate with the child regularly is supported by the requisite clear and convincing evidence (*see Matter of Kevina G. [Kevin C.]*, 124 AD3d 889, 890; *Matter of Zachary N. [Paul N.–Hope N.]*, 77 AD3d 1116, 1117).

Entered:  May 8, 2015                          Frances E. Cafarell
                                              Clerk of the Court