■ In the Matter of JESSICA GRAHAM, Appellant, v CHARLES T. RAWLEY, Respondent. [38 NYS3d 809]—Appeals from (1) an order of the Family Court, Richmond County (Karen B. Wolff, J.), dated July 23, 2015, (2) an order of that court dated August 5, 2015, and (3) an order of that court (Alison M. Hamanjian, Ct. Atty. Ref.) dated August 10, 2015. The order dated July 23, 2015, denied the mother's motion, inter alia, to impose sanctions on the father and his counsel. The order dated August 5, 2015, denied the mother's motion for the court to recuse itself. The order dated August 10, 2015, dismissed the mother's family offense petition for failure to state a cause of action.

Ordered that the orders are affirmed, without costs or disbursements.

"Absent a legal disqualification under Judiciary Law § 14, a trial judge is the sole arbiter of recusal and his or her decision in that regard will not be lightly overturned" (Matter of Khan v Dolly, 39 AD3d 649, 650 [2007]). Here, the mother failed to set

forth any demonstrable proof to warrant the conclusion that the Family Court's denial of the motion for recusal was an improvident exercise of discretion (*see Matter of Alyssa A. [Michelle N.—Sandra N.],* 79 AD3d 740, 741-742 [2010]). Accordingly, the Family Court properly denied the mother's motion for recusal.

The Family Court properly dismissed the mother's family offense petition without a hearing for failure to state a cause of action. Contrary to the mother's contention, the petition was conclusory, devoid of specificity, and failed to allege conduct that would constitute a family offense (*see Matter of Marino v Marino,* 110 AD3d 887, 888 [2013]).

The mother's remaining contentions are without merit. Balkin, J.P., Hall, Austin and Sgroi, JJ., concur.