Logan v Pula 200, LLC (2018 NY Slip Op 08016)





Logan v Pula 200, LLC


2018 NY Slip Op 08016


Decided on November 21, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 21, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
SHERI S. ROMAN
SYLVIA O. HINDS-RADIX
VALERIE BRATHWAITE NELSON, JJ.


2016-04973
 (Index No. 8654/14)

[*1]Roseanne Logan, respondent,
v
Pula 200, LLC, et al., appellants.


Craig Stuart Lanza, Brooklyn, NY, for appellants.
Heslop & Kalba, LLP, Brooklyn, NY (Garfield A. Heslop of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, pursuant to RPAPL article 15 to quiet title to real property, the defendants appeal from an order of the Supreme Court, Kings County (Debra Silber, J.), dated March 15, 2016. The order, insofar as appealed from, referred the plaintiff's cross motion to impose sanctions on the defendants' attorney to a referee for a hearing.
ORDERED that the appeal is dismissed, with costs.
The plaintiff commenced this action, inter alia, pursuant to RPAPL article 15 to quiet title to real property. Thereafter, certain defendants moved, inter alia, to enforce a stipulation of settlement. The plaintiff cross-moved to impose sanctions on the defendants' attorney for filing a frivolous motion. In an order dated March 15, 2016, the Supreme Court, among other things, referred the plaintiff's cross motion to a referee for a hearing. The defendants appeal, as limited by their brief, from that portion of the order.
The appeal must be dismissed, as the defendants are not aggrieved by the portion of the order appealed from (see CPLR 5511; Day v Syosset Cent. Sch. Dist., 105 AD3d 888; Vigo v 501 Second St. Holding Corp., 100 AD3d 872; Impastato v Impastato, 62 AD3d 752, 752) and, in any event, no appeal lies as of right from an order which does not determine a motion made on notice (see CPLR 5701[a][2]). Under the circumstances of this case, we cannot appropriately deem the notice of appeal filed in the names of the defendants to be an application for leave to appeal by their attorney (see Scopelliti v Town of New Castle, 92 NY2d 944; Day v Syosset Cent. Sch. Dist., 105 AD3d at 889).
DILLON, J.P., ROMAN, HINDS-RADIX and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court