Yao Wen Lei v Yu Hin Chan (2024 NY Slip Op 51204(U))

[*1]

Yao Wen Lei v Yu Hin Chan

2024 NY Slip Op 51204(U)

Decided on August 30, 2024

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on August 30, 2024
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : WAVNY TOUSSAINT, P.J., MARINA CORA MUNDY, LISA S. OTTLEY, JJ

2023-733 K C

Yao Wen Lei and Harry Zeng, Respondents,
against
Yu Hin Chan and Feifei Gu, Appellants, et al., Undertenants. 

Yu Hin Chan and Feifei Gu, appellants pro se.
Steven T. Gee, P.C. (Steven T. Gee of counsel), for respondents.

Appeal from a final judgment of the Civil Court of the City of New York, Kings County (Sergio Jimenez, J.), entered June 29, 2023. The final judgment, after a nonjury trial, awarded petitioners possession and the sum of $114,650 in a holdover summary proceeding. The appeal brings up for review an order of that court entered February 28, 2023 which, among other things, denied tenants' motion to dismiss the petition, an order of that court entered June 2, 2023 which, among other things, granted petitioners' motion to strike tenants' jury demand, and an order of that court entered June 23, 2023 which, among other things, denied tenants' motion to recuse Judge Jimenez and, upon granting tenants' motion for leave to reargue their opposition to petitioners' motion to strike the jury demand, adhered to its prior determination.

ORDERED that the final judgment is modified by striking the award of possession and $114,650 in use and occupancy to petitioner Harry Zeng, so much of the order entered February 28, 2023 as denied the branch of tenants' motion seeking to dismiss the petition insofar as commenced by petitioner Harry Zeng is vacated, that branch of tenants' motion is granted, and so much of the petition as was commenced by petitioner Harry Zeng is dismissed; as so modified, the final judgment is affirmed, without costs, and the matter is remitted to the Civil Court for the entry of an amended final judgment in accordance with this decision and order.
In this holdover proceeding, petitioner Yao Wen Lei, landlord and owner of the two-family dwelling located at 6211 Fort Hamilton Parkway, Brooklyn, New York, and his agent, petitioner Harry Zeng, sought possession of the second-floor unit from tenants after petitioners served a notice stating that tenants' tenancy was terminated as of October 31, 2022. Petitioners also sought use and occupancy (see RPAPL 741 [5]). After a nonjury trial, the Civil Court (Sergio Jimenez, J.) entered a final judgment on June 29, 2023 awarding petitioners possession and use and occupancy in the amount of $114,650.
An appeal from a judgment brings up for review any prior order of the same court that necessarily affects the judgment (see CPLR 5501 [a] [1]; Stanescu v Stanescu, 206 AD3d 1031 [2022]). Tenants raise contentions related to nonfinal orders entered February 28, 2023, June 2, 2023, and June 23, 2023. In its February 28, 2023 order, the Civil Court (Sergio Jimenez, J.) erred in denying the branch of tenants' motion seeking to dismiss the petition insofar as commenced by petitioner Harry Zeng. The petition provides that Zeng "is and remains the agent of [petitioner] Yao Wen Lei in connection to the building." However, an owner's agent is not a person authorized to maintain a summary proceeding (see RPAPL 721; Key Bank of NY v Becker, 88 NY2d 899, 900 [1996]; Elias Props. Mgt., Inc. v One Half Fashion Corp., 57 Misc 3d 138[A], 2017 NY Slip Op 51307[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2017]). 
In its June 2, 2023 order, the Civil Court (Sergio Jimenez, J.) properly granted so much of a motion brought by petitioner Yao Wen Lei as sought to strike tenants' jury demand and, in its June 23, 2023 order, the court, upon reargument, properly adhered to its prior determination, as both leases at issue contained enforceable jury waiver clauses (see 93rd Bldg. Corp. v Hefti, 224 AD3d 583, 583 [2024]; P & J Hous. Partners, LLC v Alvarado, 34 Misc 3d 130[A], 2011 NY Slip Op 52310[U] [App Term, 1st Dept 2011]). 
Further, the Civil Court did not improvidently exercise its discretion in denying tenants' motion for recusal in its June 23, 2023 order. Absent a legal disqualification under Judiciary Law § 14, a court is the sole arbiter of its recusal (see Galanti v Kraus, 98 AD3d 559 [2012]), and tenants failed to set forth any demonstrable proof of bias to warrant recusal (see Matter of Bianco v Bruce-Ross, 151 AD3d 716, 717-718 [2017]; Kupersmith v Winged Foot Golf Club, Inc., 38 AD3d 847, 849 [2007]). 
In reviewing a determination made after a nonjury trial, the power of this court is as broad as that of the trial court, and this court may render the judgment it finds warranted by the facts, bearing in mind that the determination of a trier of fact as to issues of credibility is given substantial deference, as a trial court's opportunity to observe and evaluate the testimony and demeanor of the witnesses affords it a better perspective from which to assess their credibility (see Northern Westchester Professional Park Assoc. v Town of Bedford, 60 NY2d 492, 499 [1983]; Hamilton v Blackwood, 85 AD3d 1116 [2011]; Zeltser v Sacerdote, 52 AD3d 824, 826 [2008]). Here, contrary to tenants' arguments on appeal, there is no basis to disturb the Civil Court's findings in favor of Yao Wen Lei.
Tenants' remaining contentions lack merit. 
Accordingly, the final judgment is modified by striking the award of possession and $114,650 in use and occupancy to petitioner Harry Zeng, so much of the order entered February 28, 2023 as denied the branch of tenants' motion seeking to dismiss the petition insofar as commenced by petitioner Harry Zeng is vacated, that branch of tenants' motion is granted, so much of the petition as was commenced by petitioner Harry Zeng is dismissed, and the matter is remitted to the Civil Court for the entry of an amended final judgment in accordance with this decision and order.
TOUSSAINT, P.J., MUNDY and OTTLEY, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: August 30, 2024