[627 NYS2d 735]

In the Matter of WESTCHESTER COUNTY DEPARTMENT OF SOCIAL SERVICES, on Behalf of MARTINA P., Appellant.

Second Department, May 30, 1995

236

---

### APPEARANCES OF COUNSEL

*Marilyn J. Slaatten, County Attorney* of Westchester County, White Plains *(Carol L. Van Scoyoc* and *Peter A. Carbone* of counsel), for appellant.

### OPINION OF THE COURT

COPERTINO, J.

The issue to be resolved on this appeal is whether the Family Court has subject matter jurisdiction over a proceeding brought pursuant to Family Court Act article 10 regarding the care of a child currently residing in the State of New York, when the alleged acts of abuse occurred while the child and parents were residing outside the State.

We conclude that it does, and that the Family Court erred in granting the father's motion to dismiss the petition.

The respondent father was a member of the United States Army, stationed at Camp Darby in Italy. The child, who was born on February 6, 1994, in Pisa, Italy, was brought by her parents to the Pisa hospital when she was five weeks old because she was screaming in pain. After X rays were taken, a doctor determined that she had a spiral fracture of the right femur. Other X rays indicated that the child had multiple rib fractures, all more than 10 days old, which were in various stages of healing. The child had been in the parents' sole care and custody since birth. However, the parents were unable to offer any explanation for the injuries.

The Family Advocacy Case Management Team (hereinafter the FACMT) of the United States Army, which investigated the matter, determined that the child had been abused. During the investigation, however, the mother fled to her parents' home in Mount Vernon, New York, with the child. The FACMT acknowledged that the Army did not have the ability to monitor the family and protect the child adequately and requested that the New York Department of Social Services

(hereinafter the DSS) act in order to protect the child. Therefore, the DSS prevailed upon the maternal grandparents to file a petition for custody.

Although the parents, the grandparents, and the child's Law Guardian eventually agreed that the child would be returned to the parents, and that the parents would return to Italy, the DSS filed a second petition, based upon its experts' analysis of the child's X rays, and upon the FACMT's further notification that it could not adequately protect the child. Contrary to the FACMT's representations, however, the father's battalion commander notified the court that the Army was willing to take jurisdiction over the matter, and would provide the necessary medical and community services to monitor the situation.

The father moved to dismiss the petition on the grounds of lack of personal and subject matter jurisdiction, and forum non conveniens. Relying heavily upon the battalion commander's representations, the court determined that while it had personal jurisdiction over the respondents, it did not have subject matter jurisdiction, never reaching the issue of forum non conveniens. This Court granted a stay pending the outcome of the appeal upon motion of the DSS, and the child remains in the custody of the maternal grandparents.

We agree with the court that the respondents voluntarily submitted to the jurisdiction of the court, since they were personally served in New York, and admitted to proper service of process in court (see, CPLR 308 [1]). In determining that the court did not have subject matter jurisdiction, however, the court relied upon the language in Family Court Act § 1036, a long-arm statute which provides for acquisition of personal jurisdiction over parties who are not residents or domiciliaries of New York, where the abused child resides or is domiciled in the State, and the abuse occurred within the State. The court stated that by enacting the limitation that the abuse had to have occurred in the State, the Legislature indicated its intention to limit those cases over which the New York courts should have jurisdiction.

The court failed to make the crucial distinction between personal jurisdiction and subject matter jurisdiction. The language of Family Court Act § 1036 clearly indicates the Legislature's intention to limit the court's jurisdiction over the person, when he or she is not a resident or domiciliary, but has committed acts of abuse upon a child within the State.

By contrast, there is no such limiting language in Family Court Act § 1013, which establishes the court's subject matter jurisdiction and provides that the Family Court has exclusive original jurisdiction over proceedings under Family Court Act article 10 alleging the abuse or neglect of a child. Further, in determining the court's jurisdiction, the child need not be currently in the care or custody of the respondent, if the court otherwise has jurisdiction over the matter (Family Ct Act § 1013 [d]). Significantly, the Supplementary Practice Commentary for Family Court Act § 1013 states that acts of abuse and neglect establish subject matter jurisdiction in New York whether or not they occur in the State, so that a proceeding may continue so long as there is personal jurisdiction over the parties (Besharov, 1990 Supp Practice Commentary, McKinney's Cons Laws of NY, Book 29A, Family Ct Act § 1013, 1995 Pocket Part, at 123).

Further support for the application of the Family Court's broad jurisdiction over all abuse matters can be found in the State Constitution, which confers upon the Family Court jurisdiction over all proceedings relating to "the protection, treatment, correction and commitment of those minors who are in need of the exercise of the authority of the court because of circumstances of neglect", as well as in other sections of the Family Court Act (NY Const, art VI, § 13 [b] [1]; Family Ct Act § 115 [a] [i]; § 614 [1]; § 1013]). The language therein does not limit the court's jurisdiction to those cases in which the abuse occurred within the State (see, *Matter of Stanley R.,* 147 AD2d 284, 288-291).

Since the parties admitted that the court had acquired personal jurisdiction over them, the child is currently in New York, and there is clear evidence before the court that the child suffered substantial injury while in the care and custody of the parents, the court may exercise jurisdiction over this matter. This result is particularly appropriate in this case in light of the representations of the FACMT, the Army's equivalent to the New York child protective services, that it does not have the ability to adequately protect the child in Italy, and that the Army's ability to discipline its members does not extend to civilian dependents.

Finally, the court has already obtained the medical records from Italy, which have been reviewed by New York medical experts, and the DSS has completed its investigation and filed a report with the court in which it determined that the child had suffered abuse while in the parents' sole care and custody.

The mother has remained in this State pending the outcome of the appeal, and although the father is still stationed in Italy, his tour of duty terminates in May of 1995. Under these circumstances and in the interest of protecting the child, the court should retain jurisdiction over the matter.

Therefore, the order and judgment is reversed, on the law and the facts, without costs or disbursements, and the matter is remitted to the Family Court, Westchester County, for a fact-finding hearing, and, if necessary, a subsequent dispositional hearing.

MANGANO, P. J., SULLIVAN and ALTMAN, JJ., concur.

Ordered that the order and judgment is reversed, on the law and the facts, without costs or disbursements, and the matter is remitted to the Family Court, Westchester County, for a fact-finding hearing, and, if necessary, a subsequent dispositional hearing.