■ In the Matter of TREBOR UU. and Another, Children Alleged to be Neglected. CLINTON COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; TSHARNIA VV., Appellant. [718 NYS2d 474] —Lahtinen, J. Appeal from an order of the Family Court of Clinton County (Lawliss, J.), entered November 15, 1999, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 10, to adjudicate respondent's children to be neglected.

Respondent was arrested in Clinton County on a warrant from Connecticut alleging that she was a fugitive from justice. At the time of her arrest two of respondent's children, Trebor (born in 1992) and Tahran (born in 1994), were with her. Facing extradition and incarceration respondent signed a consent

---

for temporary foster care placement with petitioner. Respondent spent approximately a week in the Clinton County Jail, then waived extradition and was returned to Connecticut where she was ultimately sentenced to a six-month period of incarceration. After a temporary order of removal of the two children was signed by Family Court, petitioner filed a neglect petition alleging that respondent, *inter alia*, was a fugitive from justice having fled Connecticut for Canada with her two children, was unable or unwilling to make a safe plan for the care of her children, signed a consent for a temporary placement of her two children claiming that there was no fit relative to care for them, and was responsible for the neglect of her children.

Respondent moved to dismiss the neglect petition on a number of grounds and, in the alternative, moved for an adjournment of the fact-finding hearing until her release from prison in Connecticut. Family Court denied respondent's motion to dismiss in all respects, but granted her request for an adjournment until June 21, 1999, three days after her expected release from the Connecticut prison. On June 21, 1999, notwithstanding the completion of her Connecticut sentence, respondent was unable to appear because of her detention on another court-related matter. Despite strenuous objection by respondent's counsel, Family Court conducted a fact-finding hearing in respondent's absence and determined that she had neglected her children. At the subsequent dispositional hearing at which respondent appeared personally, the children were placed in the custody of petitioner for a period of 12 months.

Respondent appeals arguing that Family Court erred in finding that she neglected her children, Family Court did not have personal jurisdiction over her and she was denied a full and fair trial by Family Court's refusal to grant her counsel a second adjournment when she was unable to appear at the June 21, 1999 fact-finding hearing.

Initially, we address respondent's claim that Family Court lacked personal jurisdiction over her because neither respondent nor her children were residents of New York and no neglect occurred in New York. The record shows that at the time the neglect proceeding was filed, the children were in the custody of petitioner and were residing in foster care in New York (*see,* Family Ct Act § 1015 [a]), and that respondent entered New York without a plan for the care of her children except to seek foster care if she was arrested, which action on her part was alleged and found to constitute neglect. These circumstances provide sufficient support for a determination that

Family Court had both personal and subject matter jurisdiction over respondent (*see,* Family Ct Act § 1036 [c]; *Matter of Sayeh R.,* 91 NY2d 306; *Matter of Westchester County Dept. of Social Servs. [Martina P.],* 211 AD2d 235).

Next, we reject respondent's contention that Family Court erred in finding that she neglected her children because there was insufficient proof that her children's physical, mental or emotional condition was impaired or in imminent danger of becoming impaired. Family Court Act § 1012, in pertinent part, defines a neglected child as one "whose physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired as a result of the failure of [the parent] to exercise a minimum degree of care" by supplying "adequate food, clothing, [and] shelter" or "providing the child with proper supervision or guardianship" (Family Ct Act § 1012 [f] [i] [A], [B]; *see, e.g., Matter of Travis XX.,* 224 AD2d 787, 789). This statute requires a showing of both parental misconduct and harm or potential harm to a child (*see, Matter of Ronnie XX.,* 273 AD2d 491, 493; *Matter of Jennifer N.,* 173 AD2d 971, 972) by a preponderance of the credible evidence (*see,* Family Ct Act § 1046 [b] [i]; *see also, Matter of Tammie Z.,* 66 NY2d 1, 3).

Respondent's flight from the legal authorities in Connecticut, which took her and her two children to Canada to live in motels, her return to New York prompted by the fact that she ran out of money, her anticipation that she most probably would be arrested and incarcerated when reentering the United States at a border crossing into New York and her lack of a plan for the care of her children except to place them in foster care *if* she was arrested are uncontroverted. We do not sanction respondent's alleged plan to provide for her children by seeking foster care in New York if she was arrested. Respondent's choice to take flight with her two children to a foreign country in an effort to evade legal process instead of attending to such matters and, if necessary, immediately seeking out governmental officials to arrange for the proper placement of her children in foster care, cannot be said to be "reasonable" or proper parental supervision or guardianship. Respondent's conduct which culminated in New York with her arrest and the voluntary placement of her children in the care of petitioner sufficiently evidences her failure to exercise a minimum degree of care as required by the statute and such failure, as supported by this record, necessarily includes the finding of impairment or imminent danger of impairment to the physical, mental or emotional condition of her children (*see, e.g., Matter*

*of Eugene G.*, 76 AD2d 781; *Department of Social Servs. v Joan R.*, 61 AD2d 1108). Accordingly, Family Court's finding of neglect was supported by a preponderance of the evidence and will not be disturbed.

Finally, respondent's argument that she was denied a full and fair trial when Family Court refused her request for a second adjournment of the fact-finding hearing must be rejected. Family Court Act § 1042 provides as follows: "If the parent * * * is not present, the court may proceed to hear a petition under this article only if the child is represented by counsel, a law guardian, or a guardian ad litem. If the parent * * * thereafter moves the court that a resulting disposition be vacated and asks for a rehearing, the court shall grant the motion on an affidavit showing such relationship or responsibility, unless the court finds that the parent or other person willfully refused to appear at the hearing, in which case the court may deny the motion." It is undisputed that the children were represented by a Law Guardian allowing Family Court to hear this matter on June 21, 1999. Family Court proceeded to conduct a full and orderly exploration of the evidence and facts surrounding the alleged neglect, and respondent's counsel was present and able to participate and defend his absent client (*see, e.g., Matter of Cassandra M.*, 260 AD2d 961, 963). We also reject respondent's argument that her counsel's objection to Family Court's refusal to grant her requested adjournment on June 21, 1999 relieved her of the requirement of moving for a rehearing as permitted by Family Court Act § 1042 which could have been done when she personally appeared at the dispositional hearing. We find no denial of respondent's right to a full and fair trial on the facts presented here.

Cardona, P. J., Peters, Spain and Mugglin, JJ., concur. Ordered that the order is affirmed, without costs.