Filed 4/18/24; Modified & Certified for Publication 5/6/24 (order attached)
(Unmodified opinion following transfer from Supreme Court)

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| In re KIERAN S., a Person Coming Under the Juvenile Court Law. | B318672 |
| | (Los Angeles County Super. Ct. No. 19LJJP00321A) |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES, Plaintiff and Respondent, v. AMBER C., Defendant and Appellant. | |

APPEAL from orders of the Superior Court of Los Angeles County, Susan Ser, Judge.  Affirmed.

Jonathan Grossman, under appointment by the Court of Appeal, for Defendant and Appellant.

Dawyn R. Harrison, County Counsel, Kim Nemoy, Assistant County Counsel, and Peter Ferrera, Principal Deputy County Counsel, for Plaintiff and Respondent.

_____

## INTRODUCTION

Amber C., mother of then two-year-old Kieran S., appeals from the juvenile court's jurisdiction findings and disposition orders after the court sustained a petition by the Los Angeles County Department of Children and Family Services under Welfare and Institutions Code section 300, subdivision (b). In our prior opinion we affirmed the juvenile court's findings and orders. The Supreme Court granted review and transferred the case back to us with directions to vacate our prior opinion and reconsider our decision in light of *In re N.R.* (2023) 15 Cal.5th 520, which held, among other things, substance abuse is not prima facie evidence of a parent's inability to provide regular care to a child of tender years (six years old or younger). Because under *In re N.R.* Amber's substance abuse still put Kieran at a substantial risk of serious physical harm, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

A.  *The Department Investigates the Family, Amber Absconds with Kieran, and the Juvenile Court Sustains a Petition Under Section 300*

Kieran's parents are Amber and Victor S. (not a party to this appeal). In April 2019, when Kieran was two months old, the Department received a referral stating the parents used

2

drugs in the child's presence. Victor admitted he used marijuana; Amber tested positive for amphetamine, methamphetamine, and morphine. An investigation found Amber was living with Kieran in a home where other individuals were abusing drugs. Despite her positive test results, Amber denied using methamphetamine, insisted her positive test results were falsified, and claimed she did not use any drugs "while with [Kieran]." After failing to cooperate with welfare checks and evading the Department, Amber absconded with Kieran. The Department filed a petition alleging her substance abuse posed a substantial risk of serious physical harm to Kieran.

For nearly two years, Amber had no communication with the Department and could not be found. In October 2021 a detective from the Anderson Police Department found Amber and Kieran in Shasta County, and Amber admitted she had recently used methamphetamine and had a "problem with meth." Though Amber's home in Shasta County was clean and Kieran appeared well, law enforcement found a methamphetamine pipe in an unattached room of the house, although at the time of the inspection the room "appeared to be secured from access from Kieran." The detective reported that, because "there was a lot of traffic in and out of the home," there was a suspicion it was a "drug home." Amber admitted to the detective that she had been addicted to opiates for 10 years and that she used methamphetamine recreationally. Victor confirmed Amber used drugs. On December 1, 2021 the Department filed an amended petition in Los Angeles County (where Amber had returned and Kieran had been placed in foster care) that included allegations Amber exposed Kieran to risk of harm by absconding with him.

At the January 28, 2022 jurisdiction hearing on the amended petition the juvenile court sustained counts under section 300, subdivision (b), alleging Amber abused substances, failed to protect Kieran from Victor's mental and emotional issues, and absconded with Kieran. At the February 17, 2022 disposition hearing the juvenile court declared Kieran a dependent child of the court, removed him from his parents, ordered Amber to attend a drug treatment program, and ordered reunification services.

B.     *We Affirm the Juvenile Court's Jurisdiction Findings and Disposition Orders*

Amber appealed from the jurisdiction findings and disposition orders.[1]  Amber argued that there was no evidence she was under the influence of drugs when Kieran was detained and that there was no evidence of neglect or risk of harm to Kieran in her care. We held substantial evidence supported the juvenile court's finding Amber's drug abuse created a substantial risk of physical harm to Kieran. We explained that, under *In re Drake M.* (2012) 211 Cal.App.4th 754, disapproved in *In re N.R.*, *supra*, 15 Cal.5th at page 560, footnote 18, because Kieran was a child under the age of six, the juvenile court's finding Amber was abusing substances created a rebuttable presumption of a substantial risk of physical harm to Kieran. We also concluded Amber did not rebut this presumption.

---

[1]     Amber challenged the disposition orders only to the extent substantial evidence did not support the juvenile court's jurisdiction findings.

4

C.   *The Supreme Court Grants Review and Transfers the Cause*

The Supreme Court granted Amber's petition for review and transferred the case to us with directions to vacate our decision and reconsider Amber's appeal in light of *In re N.R.*, *supra*, 15 Cal.5th 520.  In that case the Supreme Court held that a finding of substance abuse under section 300, subdivision (b)(1)(D), requires neither "a diagnosis by a medical professional" nor "satisfaction of the prevailing criteria for a substance use disorder as specified within the Diagnostic and Statistical Manual of Mental Disorders" and that a parent's substance abuse, without more, is not "prima facie evidence of . . . an inability to provide regular care for a child" or of a "substantial risk of serious physical harm when the child is of 'tender years . . . .'" (*Id.* at pp.  531, 554, 560-561.)  The Supreme Court also held that, though the "tender years presumption" was "inconsistent with the Legislature's intent," the "age of a child may bear upon whether substance abuse renders a parent or guardian unable to provide that child with regular care, and whether the child is thereby placed at substantial risk of serious physical harm or illness." (*Id.* at pp. 531-532.)

The parties filed supplemental briefs pursuant to California Rules of Court, rule 8.200(b).  In her supplemental brief, Amber contends her drug use was not excessive, an argument she had not previously made.  She also argues her drug use and conduct in absconding with Kieran did not expose Kieran to risk of physical harm.  The Department contends that Amber's ongoing drug use compromised her ability to care for and protect Kieran and that the court should not allow Amber to capitalize on the fact she was a fugitive for two years by arguing

the Department submitted insufficient evidence of risk of harm to Kieran.

## DISCUSSION

A.    *Applicable Law and Standard of Review*

The purpose of section 300 "'"is to provide maximum safety and protection for children who are currently being physically, sexually, or emotionally abused, being neglected, or being exploited, and to ensure the safety, protection, and physical and emotional well-being of children who are at risk of that harm."'" (*In re N.R.*, *supra*, 15 Cal.5th at p. 537; see § 300.2, subd. (a).) "Although section 300 requires proof the child is subject to the defined risk of harm at the time of the jurisdiction hearing [citations], the court need not wait until a child is seriously abused or injured to assume jurisdiction and take steps necessary to protect the child. [Citations.] The court may consider past events in deciding whether a child presently needs the court's protection." (*In re Cole L.* (2021) 70 Cal.App.5th 591, 601-602.)

Section 300, subdivision (b)(1), "allows a child to be adjudged a dependent of the juvenile court when '[t]he child has suffered, or there is a substantial risk that the child will suffer, serious physical harm or illness, as a result of the failure or inability of his or her parent or guardian to adequately supervise or protect the child, or the willful or negligent failure of the child's parent or guardian to adequately supervise or protect the child from the conduct of a custodian with whom the child has been left.' A jurisdiction finding under section 300, subdivision (b)(1), requires the Department to prove three elements: (1) the parent's or guardian's neglectful conduct or

failure or inability to protect the child; (2) causation; and (3) serious physical harm or illness or a substantial risk of serious physical harm or illness." (*In re Cole L.*, *supra*, 70 Cal.App.5th at p. 601.)[2]

"""""In reviewing a challenge to the sufficiency of the evidence supporting the jurisdictional findings and disposition, we determine if substantial evidence, contradicted or uncontradicted, supports them. "In making this determination, we draw all reasonable inferences from the evidence to support the findings and orders of the dependency court; we review the record in the light most favorable to the court's determinations; and we note that issues of fact and credibility are the province of the trial court." [Citation.] "We do not reweigh the evidence or exercise independent judgment, but merely determine if there are sufficient facts to support the findings of the trial court.""" [Citations.] However, "[s]ubstantial evidence is not synonymous with any evidence. [Citation.] To be substantial, the evidence must be of ponderable legal significance and must be reasonable in nature, credible, and of solid value.""" (*In re S.F.* (2023) 91 Cal.App.5th 696, 713.)

Finally, "[a]pplication of the doctrine of justiciability in the dependency context leads to the conclusion that '[w]hen a dependency petition alleges multiple grounds for its assertion that a minor comes within the dependency court's jurisdiction, a reviewing court can affirm the juvenile court's finding of

---

[2]     The Legislature amended section 300, effective January 1, 2023, in part by revising subdivision (b)(1) to specify in separate subparagraphs ways in which a child may come within the jurisdiction of the juvenile court due to the failure or inability of the child's parent to adequately supervise or care for the child.

jurisdiction over the minor if any one of the statutory bases for jurisdiction that are enumerated in the petition is supported by substantial evidence.  In such a case, the reviewing court need not consider whether any or all of the other alleged statutory grounds for jurisdiction are supported by the evidence.' [Citation.]  This is true because no effective relief could be granted in such a situation, as jurisdiction would be established regardless of the appellate court's conclusions with respect to any such additional jurisdictional grounds."  (*In re Madison S.* (2017) 15 Cal.App.5th 308, 328-329.)  As the Supreme Court explained, "the principle that '[d]ependency jurisdiction attaches to a child, not to his or her parent' [citation], means that "'[a]s long as there is one unassailable jurisdictional finding, it is immaterial that another might be inappropriate,"'" so that "where there are multiple findings against one parent; the validity of one finding may render moot the parent's attempt to challenge the others." (*In re D.P.* (2023) 14 Cal.5th 266, 283-284.)

> B. *Substantial Evidence Supported the Juvenile Court's Jurisdiction Findings Based on Amber's Substance Abuse*

> 1. *Substantial Evidence Supported the Juvenile Court's Finding Amber Abused Drugs*

Amber argues substantial evidence did not support the juvenile court's finding she abused drugs.  But it did.  Amber's 2019 drug test result confirmed she used amphetamine,

methamphetamine, and morphine.[3]  When law enforcement finally found Amber and Kieran after they had been missing for two years, Amber admitted that she had used methamphetamine within the previous two days and that she had a long-standing substance abuse issue.[4]  A pipe for smoking methamphetamine was discovered on the premises.  And, as Amber admits, "[h]er absence in the two year gap" while she was a hiding from child protective agencies and avoiding law enforcement, "could give rise [to] an inference she used during that period."

Amber's repeated denials of drug use, despite evidence to the contrary, further supported the juvenile court's finding of drug abuse.  Initially, she refused a drug test and denied using drugs, even though she tested positive for amphetamine, methamphetamine, and morphine.  She also disputed the accuracy of her positive test result, claiming that it was falsified and that there was no proof she used drugs around Kieran.  By October 2021, despite admitting she had recently used methamphetamine, Amber claimed she had been drug-free for five years.  These denials and inconsistent statements were further evidence of drug abuse.  (See *In re K.B.* (2021) 59 Cal.App.5th 593, 601 [juvenile court could reasonably infer from the mother's "dissembling about . . . drug use" she was "trying to hide [an] ongoing drug addiction"]; *In re A.F.* (2016) 3 Cal.App.5th 283, 293 ["'[D]enial is a factor often relevant to determining whether persons are likely to modify their behavior

---

[3]     Amber said she had a prescription for morphine.  She promised to show it to the Department, but she never did.

[4]     Amber also acknowledged she was arrested in 2017 for possessing a controlled substance for sale.

in the future without court supervision.'"]; *In re Gabriel K.* (2012) 203 Cal.App.4th 188, 197 ["[o]ne cannot correct a [drug] problem one fails to acknowledge"].)

>  2.  *Substantial Evidence Supported the Juvenile Court's Finding Amber's Drug Abuse Created a Substantial Risk of Physical Harm*

As discussed, in *In re N.R.*, *supra*, 15 Cal.5th 520 the Supreme Court held substance abuse, without more, is not prima facie evidence of a parent's inability to provide regular care that results in a substantial risk of physical harm to a child of tender years. (*Id.* at pp. 556-558.) Instead, the Supreme Court held, "an inability to provide regular care and a substantial risk of serious physical harm or illness must be established on the facts of each case, without relying on a categorical rule providing that a 'finding of substance abuse is prima facie evidence of the inability of a parent or guardian to provide regular care resulting in a substantial risk of physical harm' to a child of "'tender years."'" (*Id.* at p. 559)

Substantial evidence supported the juvenile court's finding Amber's drug use placed Kieran at substantial risk of physical harm. Amber tested positive for amphetamine, methamphetamine, and morphine when Kieran was only two months old and in need of constant care and supervision. (See *In re N.R.*, *supra*, 15 Cal.5th at p. 559 ["a child's youth and maturity level can bear upon the care that the child may require and whether a parent's . . . substance abuse places the child at substantial risk of serious physical harm"]; *id.* at 558 ["It is reasonable for courts to infer that very young children require a substantial degree of close supervision."].) In addition, because

10

at two and a half years old Kieran was probably walking, the presence of a methamphetamine pipe nearby (albeit in a room the police found was secure at the time) and in a house suspected of drug use posed a risk to his safety. Amber's denial she used methamphetamine only increased the risk of harm to Kieran. (See *In re E.E.* (2020) 49 Cal.App.5th 195, 213 [parent's refusal to acknowledge responsibility for the conduct giving rise to the dependency proceedings supports a finding the faces a current risk of harm]; *In re T.V.* (2013) 217 Cal.App.4th 126, 133 ["[a] parent's past conduct is a good predictor of future behavior"].)

Amber argues "there was no evidence of the child suffering or at risk of suffering physical harm. There were no referrals for two years. There were no medical records of injuries or signs of neglect over time." The juvenile court, however, properly considered the risks and implications of Amber's conduct in absconding with her young child during those two years. Absconding with a child not only frustrates the purpose of dependency proceedings, it increases the likelihood of harm to the child. (See *In re E.M.* (2012) 204 Cal.App.4th 467, 469 [mother, by absconding from the jurisdiction for two years, "undermined and frustrated the juvenile court's ability to implement the dependency law procedures intended to protect and benefit the interests of her children"]; *In re Kamelia S.* (2000) 82 Cal.App.4th 1224, 1229 [parent's "secluding the minor child undermines and frustrates the entire purpose of the dependency law" and makes it "impossible for the court to extend its protection" to the child].) By removing Kieran from the jurisdiction and oversight of the court, refusing to cooperate with the Department, and remaining a fugitive for two years, Amber placed her and her young son in a

situation that limited their access to medical care and services they needed.  (See *In re Trebor UU* (N.Y. App. Div. 2001) 279 A.D.2d 735, 737 [mother's "choice to take flight with her two children to a foreign country in an effort to evade legal process instead of attending to such matters and, if necessary, immediately seeking out governmental officials to arrange for the proper placement of her children in foster care, cannot be said to be 'reasonable' or proper parental supervision or guardianship"].)

Moreover, the absence of (known) referrals or medical records indicating harm or neglect during the two-year period Amber was on the run from child protective agencies and law enforcement was not evidence Kieran was not at risk of harm, but a consequence of Amber's decision to abscond, a decision that only increased the risk of harm to her child.  (See *In re J.M.* (2019) 40 Cal.App.5th 913, 923 ["[t]he reason . . . there was not more recent evidence" of risk of harm was that the mother "absconded with the children so the dependency proceedings could not continue"].)  By fleeing with Kieran, Amber deprived the Department of the ability to complete its investigation whether Kiernan faced a risk of harm and whether it was necessary for the Department to intervene and provide the family services.  (See *id.* at p. 923 [mother's positive drug tests, admission of drug use, and decision to abscond with the child "was an unrebutted basis to infer [m]other's drug use was continuing, inhibiting her judgment, and interfering with her ability to care for and protect the [child]"].)  Thus, while Amber asserts that the absence of harm during the two years she was hiding with Kieran in Shasta County (or somewhere) negated the

risk to Kieran, the very act of absconding with him contributed to the substantial risk of harm her conduct created.[5]

## DISPOSITION

The juvenile court's jurisdiction findings and disposition orders are affirmed.

SEGAL, Acting P. J.

We concur:

FEUER, J.

MARTINEZ, J.

---

[5]     Because substantial evidence supported at least one of the juvenile court's jurisdiction findings, that is enough.  (*In re Madison S.*, *supra*, 15 Cal.App.5th at pp. 328-329; see *In re A.F.*, *supra*, 3 Cal.App.5th at p. 290 ["if one of the three jurisdictional bases relative to mother's conduct is supported by substantial evidence, the juvenile court's jurisdictional finding must be affirmed regardless of whether either of the other alleged grounds for jurisdiction is supported by the evidence"].)

Filed 5/6/24

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| In re KIERAN S., a Person Coming Under the Juvenile Court Law. | B318672<br><br>(Los Angeles County<br>Super. Ct. No. 19LJJP00321A) |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES,<br><br>　　　　Plaintiff and Respondent,<br><br>　　　　v.<br><br>AMBER C.,<br><br>　　　　Defendant and Appellant. | **ORDER MODIFYING AND CERTIFYING OPINION FOR PUBLICATION; NO CHANGE IN APPELLATE JUDGMENT** |

THE COURT:

The opinion filed on April 18, 2024 and not certified for publication is modified as follows:

On page 9, line 8, delete the comma between "avoiding law enforcement" and "could give rise" so that the sentence reads:

> And, as Amber admits, "[h]er absence in the two year gap" while she was a hiding from child protective agencies and avoiding law enforcement "could give rise [to] an inference she used during that period."

On page 11, line 8, in the parenthetical for *In re E.E.* (2020) 49 Cal.App.5th 195, 213, add the word "child" between "the" and "faces" so that the parenthetical reads:

> parent's refusal to acknowledge responsibility for the conduct giving rise to the dependency proceedings supports a finding the child faces a current risk of harm

The opinion in this case filed April 18, 2024 was not certified for publication. Because the opinion meets the standards for publication specified in California Rules of Court, rule 8.1105(c), respondent's request for publication under California Rules of Court, rule 8.1120(a), is granted.

IT IS HEREBY CERTIFIED that the opinion meets the standards for publication specified in California Rules of Court, rule 8.1105(c); and

ORDERED that the words "Not to be Published in the Official Reports" appearing on page 1 of said opinion be deleted and the opinion be published in the Official Reports.

---

SEGAL, Acting P. J.          FEUER, J.          MARTINEZ, J.

2